# CASES DETERMINED

## *January Term, 1895.*

---

DUNCAN, Respondent, vs. RODECKER and another, Appellants.

*February 12 — March 5, 1895.*

*Deed: Construction: Undivided interest in wall: Easement: Abandonment: Party wall: Ejectment by tenant in common.*

1. A lot owner, in erecting an addition to his building thereon, used the south wall of such building as the north side of the addition. Afterwards he conveyed that part of the lot on which the addition stood, describing it in the deed as "the south twenty-six feet, more or less," of the lot; "also the undivided one-half of the wall on the line on the north side of the above-described premises." *Held,* that the deed created an easement in said wall for the support of the building conveyed and for a partition, but did not convey title to any of the land upon which such wall stood.
2. The destruction of the entire building by fire, and the erection by the grantee of a new building on a different foundation within the twenty-six feet conveyed to him, was an abandonment of the easement and extinguished it, especially as against subsequent purchasers of the remainder of the lot who built on the lines of the original building without notice of any such easement.
3. If the original wall became a party wall it ceased to be such on the destruction of the building.
4. Even if the deed conveying an undivided half of the wall conveyed also an undivided half of the land on which the wall stood, the grantee could not, after the destruction of the building, recover in ejectment his share of such land in severalty.

APPEAL from a judgment of the circuit court for Juneau county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

This is an action of ejectment. The premises of which recovery is sought are described in the complaint as "that part of the west one-half ($\frac{1}{2}$) of lot number twelve (12), in block number fifteen (15), in the village of Wonewoc, . . . lying south of the middle line of a stone wall running east and west across said lot as the same was on the 26th day of February, 1885." The plaintiff occupies with a brick-veneered building all the land described in the complaint, except a few inches on the north side, which are occupied by a brick building owned by the defendants. So the controversy involves the title and right of possession to only a narrow strip of land, a few inches in breadth at most.

One O. F. Lee formerly owned the whole of the west half of the lot described. It is a tract sixty-six feet square. He had upon it a wooden building twenty feet by forty feet. Later he erected an addition to that building on its south end, twenty feet by twenty-four feet. The fourth side to that addition was the end of the original building. There was a stone-wall foundation under the south end of the original building. The south end or wall of the superstructure overhung the stone wall about half its thickness. This wall of the superstructure was the partition wall between the original structure and the addition. It was of wood, lathed and plastered, and about seven inches thick. Lee sold that part of the lot on which the addition stood to the plaintiff. It was described in the deed as "the south twenty-six (26) feet, more or less, of the west half," etc. "Also the undivided one-half of the wall on the line on the north side of the above-described premises." Both building and addition were afterwards destroyed by fire. The plaintiff erected a new building, of which the north wall is twenty-six feet from the south line of the lot. The building on the north side stands about one foot south of the original stone foundation. After plaintiff's new building had been erected, Lee sold the remainder of his lot to the defendants, who

built a new brick building upon it. The south wall of the new building is built substantially upon the old foundation. The action is to recover one half of the land upon which that foundation stands.

It was considered by the trial court that the deed of Lee to the plaintiff conveyed to him the land up to the center of the wall, and that " the center of the wooden wall is the one referred to." In this view the court held that it appeared that the defendants' building stood three inches and a half upon the plaintiff's land, and directed a verdict for the plaintiff in accordance with that view. That view seems to have been acquiesced in by the plaintiff. From a judgment on that verdict the defendants appeal.

For the appellants there was a brief by *F. S. Veeder* and *H. W. Barney*, and oral argument by *Mr. Barney*.

For the respondent there was a brief by *James A. Stone*, attorney, and *G. Stevens*, of counsel, and oral argument by *Mr. Stone*.

NEWMAN, J. The deed of conveyance from Lee to the plaintiff, as explained by the oral testimony showing the situation, seems to have been intended to convey to the plaintiff the land upon which the addition stood, up to the line of the original building, with such interest in the south wall of the original building as was necessary for the support of the building conveyed to the plaintiff, and for a partition wall between the two possessions. The description, "the south twenty-six feet, more or less," was intended to describe all the land upon which the addition stood, up to the south line of the original building. It was not intended to include any part of the original building or of the land upon which it stood. If the deed had been altogether silent as to the wall, it is probable that an interest in the wall in the nature of an easement for the support of the building conveyed to the plaintiff and for a partition would have passed to the plaint-

iff as an incident or appurtenance to the land conveyed. *Dillman v. Hoffman,* 38 Wis. 559; *Galloway v. Bonesteel,* 65 Wis. 79. No doubt the mention of the wall in the conveyance was of something additional to the land intended to be conveyed. There is no implied easement in the wall, because the deed expresses the interest intended to be conveyed. The deed in terms conveys the undivided one-half of the wall. This, construed in the light of the oral testimony, was intended to create an easement in the wall for the support of his building and for a partition, and not to convey a title in the ground upon which the wall stood. It differs little, if at all, from the easement which the law would have implied in the absence from the deed of that provision.

The destruction of the entire building by fire, and the erection of a new one by the plaintiff upon an entirely different foundation wall, was an abandonment of the easement and extinguished it. Especially as against the defendants, who bought and built on the old lines without notice of any claim of plaintiff of interest in the old foundation, would the plaintiff be estopped to claim an easement in the old wall. *King v. Murphy,* 140 Mass. 254; *Eddy v. Chace,* 140 Mass. 471; *White's Bank v. Nichols,* 64 N. Y. 65; Washb. Easem. (4th ed.), 707; 6 Am. & Eng. Ency. of Law, 146–149, and cases cited in note 2, p. 147.

It was urged in argument that this was like a party wall. In that case it would cease to be a party wall upon destruction of the building. The easement ceases with the cessation of the reason which called it into existence. *Heartt v. Kruger,* 121 N. Y. 386; 18 Am. & Eng. Ency. of Law, 9, and the cases cited in note 1.

There is another ground entirely fatal to the judgment of the trial court. Granting that the deed conveyed to the plaintiff not only an undivided one-half of the wall but also an undivided one-half of the land upon which the wall stood,

that would give the plaintiff the right to the possession of the entire wall and the land upon which it stood, but would not give him the sole right to its possession.   The defendants have the same right to the possession of the entire wall as he.   They are tenants in common with him of the entire wall.   He does not own the south half of the wall and they the north half, but all own the entire wall in common and are entitled to possess it in common.   An action of eject-ment cannot perform the office of an action of partition.   It cannot segregate from the common property the plaintiff's share and give it to him in severalty.   It can only let him into possession of the common property, jointly with the defendants, the other owners.   Freem. Cotenancy (2d ed.), § 293.   So the judgment, which gives him some share in severalty, cannot be supported on the plaintiff's own con-struction of his conveyance.

*By the Court.*— The judgment of the circuit court is re-versed, and the cause is remanded for a new trial.