STENZ and another, Respondents, vs. MAHONEY, imp., Appellant.

*March 13—April 1, 1902.*

*Easements: Extinguishment: Construction of deed.*

The owners of a lot conveyed to plaintiffs a part thereof on which there was a two-story building, and granted to them also the use of a stairway "as the same is now constructed and used, and on and adjoining" the property conveyed, "so long as the same shall there remain." The deed attempted also to create a permanent easement for a stairway three feet wide, to be used in common, one half on the land conveyed to plaintiffs and one half on the adjoining part of the lot, afterwards conveyed to defendant. The building on defendant's part of the lot, in which was the stairway, was about fourteen inches over the line upon plaintiff's part, and they compelled her to move it and the stairway entirely upon her own land, and then moved their building up to the division line, refusing her offer to make with them a common stairway, one half on each side of the line. *Held,* that no permanent easement in the existing stairway had been granted, and that plaintiffs had, by their conduct, extinguished the temporary easement and had no further right to use defendant's stairway located entirely on her own land.

APPEAL from an order of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Reversed.*

On and prior to July 23, 1890, the defendants Kate and Michael Murray owned the west forty feet of the east sixty-five feet of lots 13, 14, and 15 in block 84 of Ellis's division of Ashland. On the day last mentioned they executed a warranty deed of the west twenty feet of said land to the plaintiffs, which contained the following clause:

"Together with the use of a stairway as the same now is constructed and used, and on and adjoining said property on the east side thereof, and to have free access and use of said stairway so long as the same shall there remain, for the purpose of ingress and egress to the building on the property purchased, and for any and all lawful purposes whatever con-

nected with the use and enjoyment of the building or buildings now or hereafter erected on the purchased property, together with the use of the east one and one-half (1½) feet off the east forty-five (45) feet of said lots; grantors and assigns to retain and have free use forever in common with grantees forever of one and one-half (1½) feet of the east side of the property hereby conveyed, being and intended for three (3) feet in all, for use in common for stairway."

At the time of said conveyance there was on the tract conveyed a two-story frame building. There was also a similar building on the tract immediately east, but which set over on the tract conveyed to plaintiffs about fourteen inches. In the last-named building, at its westerly side, was a stairway leading to the second story, from which there was a platform leading to the second story of the building on plaintiffs' land. This stairway was used in common by the occupants of both buildings until the time hereinafter mentioned. On July 21, 1900, the Murrays conveyed the west twenty feet of the east forty-five feet of said lots to the defendant *Mary C. Mahoney.* At the time of said purchase the latter believed that her building encroached upon plaintiffs' property to the extent of one and one-half feet. Soon after such purchase plaintiffs notified the defendant *Mahoney* to move her said building entirely upon her own lot. This she did, and plaintiffs moved their building up to the east line of their lot. While the matter was pending she offered to give the use of a foot and a half on the west side of her property to be used with a foot and a half on the east side of plaintiffs' property as and for a common stairway. This offer was refused, and the plaintiffs moved their building to the east line of their lot, and claimed the right to use the stairway in defendant's building after it had been removed entirely upon her own land.

In April, 1901, the defendant *Mahoney* commenced the improvement of her building, tore down the stairway in question, and obstructed the doorway leading thereto. Plaintiffs then brought this action to reform their deed from the Mur-

rays, to restrain the defendant *Mahoney* from interfering with the easement conveyed or secured by their said deed, and to require her to restore the stairway in question. No service has been had upon the Murrays, nor have they appeared in the action. The complaint sets out a mistake in plaintiffs' deed, and it is admitted on both sides that it does not correctly describe the easement sought to be reserved.

The facts above stated appear by the complaint, answer, and affidavits used on plaintiffs' motion for a temporary injunction. Upon the hearing the court entered an order restraining the defendant *Mahoney* from interfering with plaintiffs' right to use the stairway mentioned, and requiring her to restore the premises to the condition in which they formerly were, and to remove all obstructions to their free use by the plaintiffs. Said defendant appeals from the order so entered, having given an undertaking for costs and to stay execution of said order.

For the appellant there was a brief by *Lamoreux & Shea,* and oral argument by *W. F. Shea.*

For the respondents there was a brief by *Dufur & Alvord,* and oral argument by *J. F. Dufur.* As to the construction of the contract granting the use of the stairway, they cited *Mayo v. Newhoff,* 47 N. J. Eq. 31, 19 Atl. 837.

BARDEEN, J. Under no possible theory of the case are we able to see how plaintiffs are entitled to an easement in a stairway three feet wide entirely on defendant's land. It must be assumed that the Murrays knew of the relative situation of the buildings at the time of their deed to plaintiffs. Such deed, after describing the tract conveyed, says, "together with the use of a stairway as the same is now constructed and used, and *on and adjoining* said property on the east side thereof, and to have free access and use of said stairway so long as the same shall there remain," etc. Then follows an attempt to provide for a permanent easement for a stairway to be used

in common, three feet wide; one half to be on plaintiffs' land, and the other on the premises now owned by the defendant. By using the word "east" instead of "west'" in describing its location, the deed carried the easement away from the plaintiffs' land. It seems perfectly evident that the parties did not intend a perpetual easement to be created as to the stairway in use at the time the deed was made. The deed speaks of such stairway as being "on and adjoining" the property conveyed, and grants the use thereof so long "as the same shall there remain." So long as it remained as it then existed, it was to be used in common. There was no restriction as to either party's changing the conditions. There was no attempt made to create an easement to be entirely upon the property to the east. On the contrary, the intention plainly manifest is that the perpetual easement should rest equally on each tract, and apt words were used to indicate that intention, except for the mistake mentioned. The defendant admitted that to have been the purpose in the deed when she offered to permit her premises to be used for a stairway in connection with an equal strip of plaintiffs' land. The plaintiffs seem not to have been satisfied with this offer. They compelled defendant to remove her building and stairway as it existed when the deed was made, entirely upon her own land, and then blocked the one and one-half feet on the east side of their building, intended for the common stairway, by moving their building to the east line of their lot. They now insist upon a right to use the stairway entirely upon defendant's premises. We do not think this claim is sustainable under the deed mentioned.

"Every privilege which one man claims in derogation of the rights of another is viewed with jealousy by the law, and it will require it to be confined to the prescribed limits and specified object of the grant." *Taylor v. Hampton,* 4 McCord, 96.

Rights of the sort claimed by plaintiffs are servitudes, and may be extinguished by act of God, operation of law, or by the act of the party. A servitude may be extinguished by renunciation of the party entitled to it, either express or implied. When the act which prevents the servitude is by the party to whom the servitude is due, it is wholly extinguished. Any act wholly incompatible with the nature and exercise of the servitude is sufficient to extinguish it. These principles are laid down and elaborated in the case cited, and have been recognized and enforced in this state. *Dillman v. Hoffman*, 38 Wis. 559. See *Duncan v. Rodecker*, 90 Wis. 1, 62 N. W. 533; *Corning v. Gould*, 16 Wend. 531. They have direct application to this case. When plaintiffs required defendant to change the condition existing at the time the deed was made, there was an implied renunciation of the easement as it then existed. When they moved their building onto the strip reserved for the common stairway, such conduct was incompatible with the easement attempted to be created by the deed. The original easement was one to be used in common so long as existing conditions continued. When they were changed, the intent was perfectly evident that each tract should bear a part of the common burden. Plaintiffs, by an adverse permanent obstruction of the common easement, left it within the power of the defendant to elect to declare the easement extinguished. Whether that has been done in this case, we need not stop to inquire. It is sufficient for the purposes of this appeal to say that plaintiffs' conduct has extinguished the temporary easement as created by the first clause in the deed, and that they cannot now claim to use defendant's stairway, located entirely upon her own land.

*By the Court.*—The order appealed from is reversed, and the cause is remanded with directions to enter an order denying the temporary injunction prayed for, and for further proceedings according to law.