LUTTROPP and wife, Appellants, vs. KILBORN and others, Respondents.

*January 16—February 10, 1925.*

*Easements: Whether appurtenant to premises: Forfeiture: Intention of parties: Modification of easement: Words of inheritance: Necessity in deed or grant.*

1. Generally, a reservation or grant of a right of way by a grantor who owns adjoining lands to which the right of way is beneficial, is appurtenant to such premises.  p. 221.
2. An easement of a way over the land of another, which terminates on the lands of the owners of the easement, is appurtenant to the lands of such owners.  p. 222.
3. Courts are inclined against the forfeiture of an easement unless such intent plainly appears.  p. 222.
4. The intention of the parties to a deed containing a grant or reservation of an easement may be shown by surrounding circumstances, where the language of the deed creates a doubt as to their intention.  p. 222.
5. Where a deed granted a right of way or passage for persons and teams in common with the grantors, the right of way granted is appurtenant to the other lands of the grantors of the original conveyance.  p. 222.
6. Where an owner of an easement over plaintiffs' land and over the land of an adjoining owner consented to an encroachment by the adjoining owner, such consent is not an abandonment of the easement across plaintiffs' land as a matter of law, in the absence of equitable considerations to claim such abandonment.  p. 222.
7. Under secs. 2206 and 2270, Stats., words of inheritance are not necessary to create a fee.  p. 223.

APPEAL from a judgment of the circuit court for Washington county: C. M. DAVISON, Circuit Judge. *Affirmed.*

This was an action to quiet title. Judgment was rendered in favor of the defendants *John P. Denison* and *Carrie Palmer,* dismissing plaintiffs' complaint as to them, decreeing to them an easement in a right of way across plaintiffs' lot, and granting said defendants costs.

The plaintiffs were the owners of a lot fronting west twenty-two feet on Main street and fronting south ninety-nine feet on River street, in the city of Hartford, Washington county. The plaintiffs, by their action, sought to quiet title in plaintiffs to a fourteen-foot strip running north and south on the east end of said lot, and also an extension of said twenty-two-foot strip of the same width to the north, over the lot immediately north of plaintiffs' lot and of the same dimensions. During the pendency of this action the owners of the two lots settled their controversy and the action was dismissed as to the north lot and its owner.

The defendant John C. Denison died during the pendency of the action, and the action was revived as to his heirs, *John P. Denison* and *Carrie Palmer,* son and daughter of the deceased.

Said defendants claim a right of way over said east fourteen feet of plaintiffs' land. On the trial, title deeds were introduced in evidence and oral testimony was introduced to show the situation of the parties at the time of the conveyances and on the subject of use of said right of way. The court entered its findings of fact as follows:.

"1. That at the times of the conveyances hereinafter mentioned to Philip Frey and John Frey, and to James B. Day, the above named defendant John C. Denison and divers other persons were the owners and tenants in common in fee of the premises described in the complaint, together with other real estate adjoining the same on the east, and adjacent thereto on the north and south.

"2. That on or about September 7, 1887, said John C.

Denison and his co-owners, by their warranty deed, con-
veyed to Philip Frey and John Frey a lot or tract of land
lying on the east side of Main street in Hartford, Wiscon-
sin, and to the north but in the same block of the plaintiffs'
real estate described in the complaint.  That the said grant-
ors in said Frey deed then owned a lot in between the said
Frey lot and the plaintiffs' premises, and also owned other
lands adjoining the said Frey lot and the plaintiffs' prem-
ises on the east, and adjoining the Frey lot on the north;
also a store building and property directly across River
street to the south of the plaintiffs' premises, a grist mill
across Main street to the west of the said Frey lot, and an
elevator building on the east side of Main street, directly
across from said grist mill.  That in the said conveyance
to the said Freys said grantors granted to the grantees
therein, their heirs and assigns, a right of way or passage
for persons and teams, in common with first parties (grant-
ors), from Main street east along the south side of said
elevator building of the first parties, to a point not more
than ninety-nine (99) feet and not less than seventy (70)
feet from Main street, as first parties shall elect, and thence
south to River street.   That the said right of way or passage
above referred to was useful and beneficial to the said other
real estate of the grantors, and was thereafter opened and
used in connection therewith, and with the lot so sold to
the Freys, and was a way appurtenant to the said remaining
real estate of the said grantors.   That the said deed to
said Freys was duly recorded in the office of the register of
deeds of Washington county, Wisconsin, on September 28,
1887, in Vol. 47 of Deeds, on page 144.

"3. That on June 26, 1900, the said defendant John C.
Denison and his co-owners, by their warranty deed, con-
veyed to one J. B. Day, his heirs and assigns, the plaintiffs'
premises described in the complaint, which deed contained
a provision that the premises so conveyed were 'subject to
a right of way or passage fourteen (14) feet in width, along
the east side of said tract.'   That the right of way so re-
ferred to in said deed to said Day was a part of the con-
tinuous right of way referred to in said deed to Freys and
as fixed and determined by the grantors in said Frey deed,
as therein provided, which said fourteen (14) foot way

across the plaintiffs' said premises was, and for many years prior thereto, and at the time of said deed to said Day had been, in existence and in actual use in connection with the property so deeded to said Freys, and adjoining and adjacent real estate of the grantors, and for which said remaining real estate said right of way was useful, beneficial, and appurtenant. That said deed to said Day was duly recorded in said office on July 28, 1900. That said way has never been closed up, but has remained continuously open for use, and has been generally used.

"4. That each of the deeds of plaintiffs' premises subsequent to said deed to said Day, including the deed thereof to the plaintiffs on July 1, 1919, contained a clause or provision expressly recognizing the existence of such right of way across the east fourteen (14) feet of plaintiffs' said premises, and making the same subject thereto.

"5. That the said easement of way was intended for the beneficial use not only of the tracts conveyed in the deeds to said Freys and said Day, but for the remaining lands of the said grantors.

"6. That the premises described in the complaint were, at the time of the commencement of this action, and still are, subject to a right of way or passage across the east fourteen (14) feet thereof. That neither the said fourteen (14) foot strip or any part thereof has ever been held adversely thereto by either the plaintiffs or any of their predecessors in title, and the plaintiffs' claim thereto, by adverse possession, is wholly unsustained by the proofs.

"7. Except as to the tract of land conveyed to the said James B. Day on June 26, 1900, said John C. Denison had, at the commencement of this action, succeeded to the title of the remaining lands referred to in findings number 1 and 2 and of the easement rights pertaining thereto."

### "Conclusions of law.

"The defendants *John P. Denison* and *Caroline Palmer* are entitled to judgment herein adjudging that the east fourteen (14) feet of the plaintiffs' premises are, and at the commencement of this action were, subject to a right of way in behalf of said defendants, their heirs or assigns, and dismissing the complaint with costs."

The plaintiffs excepted to many of the findings of fact and the conclusions of law, and appeal from the judgment entered thereon.

*J. C. Russell* of Hartford, for the appellants.

For the respondents the cause was submitted on the brief of *E. W. Sawyer*, attorney, and *Sawyer & Gehl*, of counsel, all of Hartford.

CROWNHART, J.    We have examined the evidence in this case, and conclude that the findings of fact of the trial court are fairly sustained.

It is a general rule of law that a reservation or grant of right of way by a grantor who owns adjoining lands to which the right of way is beneficial is held to be appurtenant to such premises.    *Barkhausen v. C., M. & St. P. R. Co.* 142 Wis. 292, 124 N. W. 649, 125 N. W. 680.    In that case the court adopted the rule in the following language:

"When it appears by the true construction of the terms of a grant that it was the well-understood purpose of the parties to create or reserve a right, in the nature of a servitude or easement, in the property granted, for the benefit of other land owned by the grantor, no matter in what form such purpose may be expressed, whether it be in the form of a condition, or covenant, or reservation, or exception, such right, if not against public policy, will be held to be appurtenant to the land of the grantor, and binding on that conveyed to the grantee, and the right and burthen thus created and imposed will pass with the lands to all subsequent grantees."

In the instant case it may be fairly said, as the trial court found, that the right of way granted was appurtenant to the other lands of the grantors of the original conveyance of 1887.    All subsequent conveyances recognized such right of way by appropriate grant or reservation, and the right of way was continuously used thereafter.    The plaintiffs secured title to their lot in 1919, and such right of way was

then in general use by the public as well as by the immediate predecessor in title of the respondents herein.

An easement of a way over the land of another, which terminates on the lands of the owners of the easement, is appurtenant to the lands of such owners. *Spensley v. Valentine,* 34 Wis. 154. Courts are inclined against forfeiture of an easement unless such intent plainly appears. The intention of the parties to a deed containing a grant or reservation of an easement, if in doubt from the language of the deed, may be shown by surrounding circumstances. *Jones v. Hoffman,* 149 Wis. 30, 134 N. W. 1046. The circumstance of grantors' other property and the use of the right of way in connection therewith over a long term of years is very significant. The words of the grant—"A right of way or passage for persons and teams in common with grantors"— are reasonably susceptible of the construction given them by the trial court.

The way in question was serviceable to grantors for use in connection with other property, which they retained, and was so used continuously up to the commencement of this suit, except for an encroachment thereon by the owners of the lot lying north and adjoining plaintiffs' lot. This encroachment was a building covering part of such right of way on the westerly side. Traffic on the right of way turned slightly to the east thereafter and continued as before. This encroachment appears to have been by general consent, as was the change in the course of travel. It is urged by appellants that this consent worked an abandonment of the easement. So long as the encroachment did not in fact cause an abandonment of the use of the right of way over plaintiffs' premises, but such use continued as before, we cannot hold as a matter of law that the easement was abandoned. On the contrary, the easement on plaintiffs' premises continued undisturbed and the way was only slightly modified elsewhere. This would not constitute abandonment. This

is a case in equity, and plaintiffs have no equitable considera-tion to claim such abandonment.

Appellants further contend that in the original grant there are no words of inheritance. No words of inheritance are necessary to create a fee. Secs. 2206, 2270, Stats.

Complaint is made that the court did not grant relief for that portion of the premises not controverted. This was not called to the attention of the trial court and not specifically prayed for in the complaint. Under the circum-stances it will not be considered here.

We have not overlooked other objections to the judgment raised by appellants, but they are deemed sufficiently dis-posed of by the foregoing opinion.

*By the Court.*—The judgment of the circuit court is af-firmed.