VIETH, Appellant, vs. DORSCH, Respondent.

*October 10—November 7, 1956.*

For the appellant there was a brief and oral argument by *John A. Udovc* of Milwaukee.

For the respondent there was a brief and oral argument by *William P. McGovern* of Milwaukee.

WINGERT, J.  Plaintiff's first contention on appeal is that defendant forfeited his easement over the west eight feet of her lot by asserting title by adverse user in his counterclaim. We cannot agree.

While the counterclaim is not altogether clear, it could be construed as asserting title by adverse user to the easement only, and not title to the land in fee.  Whichever construction be correct, however, we do not consider that the making of such a claim in the heat of litigation operates to forfeit the easement which defendant had acquired by purchase from his predecessor in title.  The mere claim of a greater right in those circumstances should not forfeit the lesser and consistent right.  Nothing in the counterclaim indicates any intent to relinquish use of the easement, and defendant appears

to have abandoned the counterclaim at the trial. Cases where the dominant tenant has done something to make a proper use of the easement impossible or has evidenced an intention to relinquish its use are not in point.

Plaintiff's next contention is that defendant forfeited his easement by the abuses thereof which the trial court found to have occurred. Those abuses were not inconsistent with continuance of the legitimate use of the driveway, they evidenced no intent to abandon legitimate use, and they were not sufficiently serious to work a forfeiture of the valuable easement. They were not, as in *Stenz v. Mahoney,* 114 Wis. 117, 121, 89 N. W. 819, wholly incompatible with the nature and exercise of the servitude. Plaintiff's rights can be fully protected by enjoining the misuse of the driveway, without forfeiting its legitimate use.

The courts do not favor forfeitures of easements. *Luttropp v. Kilborn,* 186 Wis. 217, 222, 202 N. W. 368. It is generally held that in order to justify the forfeiture of an easement because of excessive or improper use, the misuse must be wilful and substantial, and such that it cannot be separated from that which is permitted. 17 Am. Jur., Easements, p. 1032, sec. 148.

"The courts appear to be in accord in considering that the mere use of an easement for an unauthorized purpose, or the misuse or excessive use thereof, is not sufficient to constitute an abandonment or forfeiture, the view being that an injunction is the proper and adequate remedy." Anno. 16 A. L. R. (2d) 610, citing many cases.

Cases from other jurisdictions where a drastic increase in use beyond that contemplated when the easement was granted has been held to work a forfeiture, as for example where an ordinary private driveway has been turned into a heavy-traffic thoroughfare, are not controlling here. The misuses of the driveway now before us are not of such magnitude or importance.

Plaintiff further asserts that defendant's easement has been terminated by the abandonment of the easement over defendant's land granted to plaintiff's predecessor by defendant's predecessor in 1891, which has ceased to have any practical value or utility by reason of changed conditions not attributable to defendant. The argument is that the two easements were reciprocal, that the easement over defendant's lot was the consideration for the easement now claimed by defendant over plaintiff's land, and that hence when the one reciprocal easement fails the other must also fall.

This contention cannot prevail. The easement over plaintiff's land was granted to defendant's predecessor, "his heirs and assigns forever." There is nothing in the reciprocal agreement of 1891 to suggest that the easements were to be interdependent in the future, or that one was to be contingent on continued use of the other. The mere fact that plaintiff and her predecessors, through no fault of defendant or his predecessors, have seen fit not to use the right of way over defendant's land, cannot destroy defendant's valuable right to use his own right of way over plaintiff's land.

Finally, plaintiff contends that the trial court should have awarded punitive damages. Without passing on the question whether punitive damages may be allowed in the absence of an award of actual damages (see Anno. 17 A. L. R. (2d) 527, 535, and *Maxwell v. Kennedy,* 50 Wis. 645, 649, 7 N. W. 657), it is a sufficient answer to point out that punitive damages are discretionary and not a matter of right. *Tilton v. J. L. Gates Land Co.* 140 Wis. 197, 210, 121 N. W. 331; *Manol v. Moskin Bros., Inc.,* 203 Wis. 47, 53, 233 N. W. 579.

What has been said disposes of the plaintiff's appeal. Defendant seeks review of that portion of the judgment enjoining defendant from parking, dumping material, making ruts in the driveway, and removing markers, as being too broad in its prohibitions. We think the criticism is well taken, and

that the injunction should be modified so that it will clearly not preclude coal trucks and other service vehicles from making reasonable stops in the driveway for their purposes, nor prevent dumping of materials on the driveway in connection with its repair and preservation, nor so broadly prohibit making temporary ruts so as to prohibit use of the driveway in wet weather, nor forbid removal of obstructions to defendant's legitimate use of his easement. With those comments we leave the revision of the injunction to the trial court.

*By the Court.*—Judgment affirmed with the exception of the injunctional provisions thereof, which are remanded to the trial court with direction to modify them consistently with this opinion.