Carmody vs. Mulrooney.

CARMODY, Respondent, vs. MULROONEY, Appellant.

*April 10 — May 1, 1894.*

*Easement: Right of way: Adverse user: Presumption.*

A private way over defendant's land from the residence to the high-way had been maintained by him and his grantor for more than twenty years. Plaintiff, the grantor's brother-in-law, who owned the adjoining land, had also used the same way out to the highway for more than twenty years. Both had worked on the construction and repair of the way, and nothing had ever been said by either to the other as to the plaintiff's right to use the way. *Held,* that the presumption is that plaintiff's use thereof was under claim of right and adverse.

APPEAL from the Circuit Court for *Grant* County.

The action was brought to establish an easement of right of way in the plaintiff over the defendant's lands. The plaintiff claimed a right of way over the defendant's lands by adverse user for more than twenty years. The defendant admitted the user, but denied that it was adverse. There is no conflict in the evidence on the question. The defendant and his grantor for more than twenty years maintained a private way from the residence upon the premises out to the highway, upon their own lands. The plaintiff and the defendant's grantor are relatives,— broth-ers-in-law. Their lands adjoined. The plaintiff used the same way out to the highway for more than twenty years. Both worked upon the construction and repair of the way. The line of way was changed, in places, several times. Nothing was ever said by either to the other as to the right of the plaintiff to use the way. There was neither ex-press permission nor express claim of right. There was a finding and judgment for the plaintiff, from which the de-fendant appeals.

*John D. Wilson,* for the appellant, contended, *inter alia,* that where each of two adjoining landowners permits the

other to pass over his field merely as a matter of mutual accommodation, the user of neither party will be adverse to the other, and no easement will be acquired. *Bennett v. Biddle*, 140 Pa. St. 396. Permissive possession is never a basis for the statute of limitation, and the rule is that evidence of adverse possession must be strictly construed, and every presumption is in favor of the true owner. *Ayers v. Reidel*, 84 Wis. 276; *Sydnor v. Palmer*, 29 id. 252; *Graeven v. Dieves*, 68 id. 317; *Fairfield v. Barrette*, 73 id. 468; *Pitzman v. Boyce*, 33 Am. St. Rep. 536. The evidence showed that the use in this case was permissive. *Hall v. McLeod*, 74 Am. Dec. 402; *Worrall v. Rhoads*, 30 id. 274; *Bennett v. Biddle*, 140 Pa. St. 396.

*T. L. Cleary*, for the respondent, argued, among other things, that after twenty years the presumption is in favor of the user, and the burden of proof is on the landowner to show a mere license. *Wagner v. Hipple*, 13 Atl. Rep. 81; *O'Daniel v. O'Daniel*, 88 Ky. 185; *Rogerson v. Shepherd*, 33 W. Va. 307; *Smith v. Putnam*, 62 N. H. 369. The right of way claimed by the plaintiff by adverse user is not defeated by defendant's use of the same way. *Wagner v. Hipple*, 13 Atl. Rep. 81; *Bennett v. Biddle*, 150 Pa. St. 420.

NEWMAN, J. One may acquire an easement of right of way over the lands of another by adverse user for a period of twenty years. To have this result, such user must be adverse to the owner of the land, under claim of right, exclusive, continuous, uninterrupted, and with the knowledge and acquiescence of the owner of the estate over which the easement is claimed. Washb. Easem. (4th ed.), 150, par. 26. Such a right can never grow out of a mere tolerated or permissive use. Id. 152. Such adverse user, when continued for twenty years, constitutes a perfect title, as conclusive as a deed or grant. Godd. Easem. (Bennett's ed.), 136. The burden of proving the user to have been adverse is

upon the party claiming the easement. Washb. Easem. 150, par. 36*a;* 2 Greenl. Ev. § 539; *American Co. v. Bradford,* 27 Cal. 360–367. Whether the use has been adverse is a question for the jury, or for the court when the trial is by the court. 19 Am. & Eng. Ency. of Law, note on page 14, and cases there cited. When it is shown that there has been the use of an easement for twenty years, unexplained, it will be presumed to have been under a claim of right and adverse, and will be sufficient to establish a right by prescription, and to authorize the presumption of a grant, unless contradicted or explained. In such a case the owner of the land has the burden of proving that the use of the easement was under some license, indulgence, or special contract inconsistent with the claim of right by the other party. Washb. Easem. 156, par. 31, and cases cited in note 5; *Garrett v. Jackson,* 20 Pa. St. 331. The finding and judgment of the circuit court are supported by this presumption, and so are in accord with the weight of evidence.

*By the Court.*— The judgment of the circuit court is affirmed.