WIESNER and wife, Appellants, vs. JAEGER and others, Respondents.

*September 23—November 15, 1921.*

*Easements: Long continued use of path: Permissive or adverse possession: Presumption: Evidence: Sufficiency.*

1. Where an easement of way is claimed because of the mere use by pedestrians for more than twenty years of a well-defined path across the plaintiffs' premises, the mere fact that the user continued for that period did not raise the presumption of adverse hostile user.
2. A permissive user, no matter how long continued, cannot ripen into an easement by prescription.

3. Where the evidence disclosed that for many years there existed a pathway extending from defendants' residence and summer cottages along a lake shore across plaintiffs' property to a general store and amusement grounds, and that defendants, their families, tenants, and guests, without the express consent of the plaintiffs or their predecessors but with their knowledge and acquiescence, were accustomed to use, without asserting a right to do so, the path on pleasure or business, it is *held* that the user of plaintiffs' premises was permissive and not adverse.

APPEAL from a judgment of the circuit court for Waukesha county: MARTIN L. LUECK, Circuit Judge. *Reversed.*

The plaintiffs are the owners of an irregularly shaped piece of land on the south shore of Lake Muskego in Waukesha county. On the west it is bounded by a strip of land about twenty feet in width, owned by Mary Wiesner, running from a highway some three or four hundred feet distant from the lake shore to the lake. West of the land of Mary Wiesner is an irregularly shaped piece of land bordering on Lake Muskego, owned by *Samuel Kingston* and known as Kingston's Grove. To the east of plaintiffs' property, between the highway and the lake shore, is a piece of land owned by John Schuett. Upon the Schuett property there have been for many years a hotel, general store, post-office, and public amusement grounds. The property known as Kingston's Grove has been used for many years as a place of residence by the defendant *Samuel Kingston,* and upon it he has constructed a large number of cottages which are rented during the outing season to various parties. It also appears that on the northerly end of the plaintiffs' premises, at points near or contiguous to the lake shore and extending across the plaintiffs' premises following the general contour of the lake shore, there was an embankment or elevation of ground along the top of which there has been for many years a well known and definitely located path used by pedestrians. The plaintiffs' premises were originally the property of one John Ferguson, who died in the year 1882. His estate was

never probated. He left surviving his wife, a daughter, and one son, George Ferguson. The wife and daughter died in the year 1889, leaving George Ferguson the sole owner of the property. He became of age March 29, 1898. In the year 1907 George Ferguson sold the property to Mary Wiesner, from whom the plaintiffs derived their title in 1909.

Upon the trial the court found "that for more than twenty (20) years immediately preceding the commencement of this action, the defendants, their families and guests, the tenants of the cottages in Kingston's Grove and their families and guests, and all other persons desiring to pass from Kingston's Grove to the Schuett property and from the latter to visit the former, or to walk along the lake shore on business or pleasure, walked along and over said path so situated on the plaintiffs' said premises, regularly, uninterruptedly, openly, notoriously, under claim of right and with the knowledge and acquiescence of the several successive owners of said premises." That the plaintiffs claimed the right to obstruct the path and prevent defendants and other persons from walking along or over the path. The court concluded that at the time the action was commenced the plaintiffs had and they now have no legal right or authority to obstruct said path or otherwise prevent the defendants and said other classes of persons from walking along or over the same, and that the defendants, their families and guests, had a prescriptive right to walk along the path and are now entitled to the free and unobstructed use of the path as pedestrians. Judgment was entered accordingly, from which the plaintiffs appeal.

For the appellants there was a brief by *Fawcett & Dutcher,* attorneys, and *Frank J. Lenicheck* and *Arthur E. Lenicheck,* of counsel, all of Milwaukee; and the cause was argued orally by *George C. Dutcher, Frank J. Lenicheck,* and *Arthur E. Lenicheck.*

For the respondents there was a brief by *Connell & Weidner* of Waukesha, and oral argument by *S. A. Connell.*

ROSENBERRY, J.    On behalf of the plaintiffs it is contended that the court erred in finding that the defendants and other classes of persons specified in the findings acquired a prescriptive right in the premises in dispute, and further in finding that the plaintiffs had and now have no legal right or authority to obstruct the path or otherwise prevent the defendants and other classes of persons named in the findings from walking along and over the same.

Upon the trial there was no proof of any continued adverse, open, notorious, and hostile possession of the premises by the defendants, and the defendants rely upon the proposition that upon proof of twenty years' user a presumption arises that such user is adverse and hostile to the rights of the owner of the premises and that such presumption has not been overcome by the proof offered on behalf of the plaintiffs, and that the defendants are therefore entitled to the benefit of the judgment as rendered.    The undisputed facts are stated as follows by the trial court:

"There is a well-defined and worn path across plaintiffs' premises which is located as shown on defendants' exhibit number '1,' and which path has existed in substantially the same place for fifty years; that this path is the shortest land route between Kingston's Grove, in which there are something like thirty cottages, and the Schuett property, upon which is located a general store, saloon, dance hall, and amusement park, and upon which the postoffice was located until about two years ago.    For a period of more than twenty years prior to the commencement of this action this path was used by the defendant *Kingston* and the occupants of the cottages in Kingston's Grove and others in passing to and from the Schuett property and in traveling along the lake; said use of the path was without the express permission of the owners of the plaintiffs' premises, but was known to and acquiesced in by them, and there was no objection made to such use until August, 1918; there was always a free passage from the path on the *Kingston* property through or over the fence between the *Kingston* property and the plaintiffs' premises.    At first there was a step that could be used in getting over the fence, then afterwards

there was an opening which was protected by posts so as to prevent cattle from getting through, but permitted people to get through in passing back and forth, and that finally there was a gate. There were signs on the premises at different times warning people to keep off from the premises, to keep off from them, but not so placed as to indicate that the path was not to be used by people traveling over the premises, but rather warning them, in my judgment rather warning them to keep off from the property on the side of the path. . . .

"While the people making use of the path never asked permission to go across the same, nevertheless they were justified in believing and did believe that they had a right to use it for the purpose of traveling thereon. I think that covers the facts."

It appears that at or near the Schuett property there was in an early day a sawmill and that the path along the lake shore has been there for at least fifty years. The plaintiffs' contention is that such use as was made of the path by the defendants and others was permissive, was not hostile, and that therefore the presumption which might arise upon proof of twenty years of open, notorious, hostile possession adverse to the rights of the plaintiffs does not arise. The issue in this case lies in a very narrow compass.

The presumption upon which the defendants rely does not arise unless the user, during the statutory period, is adverse and hostile to the rights of the owner. The mere fact that the user has continued for twenty years does not raise the presumption of adverse, hostile user. The nature of the user, as well as the length of the period over which it is extended, must both be established by evidence. We think the trial court was in error in holding that the proof of this case establishes an adverse, hostile user of the premises. In fact, it appears to be quite clear that such use as the defendants made of the premises was not under claim of right but was permissive. There is nothing in the evidence to show that the defendants, or any of them, ever claimed any right adverse to the plaintiffs, and there was certainly nothing in

the character of the user which could have brought home to the plaintiff notice of the fact that any right was claimed other than a permissive right. The right claimed by the defendants is a private as distinguished from a public right. The presumption does not arise in this case because the use from the beginning is shown to be permissive. There is no hostile entry or other fact established upon which the presumption can rest. The possession of the defendants in this case was neither hostile nor exclusive. In the case of *Pitman v. Hill,* 117 Wis. 318, 94 N. W. 40, the nature of the use of the premises was such as to make it open, continuous, hostile, and exclusive. A user permissive, no matter how long continued, cannot ripen into an easement by prescription. *Kolpack v. Kolpack,* 128 Wis. 169, 107 N. W. 457; *Thoemke v. Fiedler,* 91 Wis. 386, 64 N. W. 1030. See note, cases cited 44 L. R. A. N. s. 89.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for the plaintiffs in accordance with the prayer of the complaint.