WEGNER and wife, Respondents, vs. ERFFMEYER, imp., Appellant.

*March 7—June 20, 1927.*

*Easements: Not implied from grants or conveyances not affecting particular property: Prescription: Presumption from twenty years' adverse user.*

1. A grant of an easement for an alley across the west fifty feet of a lot cannot be implied from reservations or exceptions in conveyances of the east ninety feet of the same lot.  p. 217.
2. While the burden is on one claiming an easement by prescription to show adverse user for the statutory period, a presumption that the use was adverse arises from mere proof that the easement was so used, and the owner of the land then has the burden of proving that such use was permissive. [Language in *Wiesner v. Jaeger,* 175 Wis. 281, withdrawn, and statement in opinion corrected.]  p. 217.

3. Evidence of continuous and uninterrupted use of an alley by plaintiff and other abutting owners for a period of twenty years raised a presumption that the use was adverse; and there being no evidence rebutting such presumption, a finding that plaintiffs had a prescriptive right to the use of the alley was authorized.  p. 217.

APPEAL from a judgment of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge.  *Affirmed.*

Action to enjoin the obstruction of an alley.  On or about May 17, 1884, one Ernst von Baumbach was the owner in fee of certain lots designated as lots 12, 13, and 14 on the following plat:

LINUS STREET

It will be noticed that the lots extend in an easterly and westerly direction, all having a fifty-foot frontage on Woodward street, while lot 14 also has a frontage of 150 feet on Linus street.

On or about October 11, 1887, von Baumbach and wife conveyed by warranty deed to Steven Bird and wife the east thirty feet of said lots 12, 13, and 14, "excepting and reserv-

ing the south fifteen feet of lot 12 for the purpose of an alley for the use and benefit of all the several owners abutting or bordering thereon." The entire length of this parcel, it will be observed, abuts on the alley lying east of said lots. On October 18, 1887, von Baumbach and wife conveyed to *William Wegner* the west thirty feet of the east ninety feet of said lots 12, 13, and 14, excepting and reserving the south fifteen feet of lot 12 for the purposes of an alley for the use and benefit of all the several owners abutting or bordering thereon. On or about March 3, 1888, said von Baumbach conveyed to Herman Daberkow the west thirty feet of the east sixty feet of said lots 12, 13, and 14, excepting and reserving therefrom the south fifteen feet of lot 12 for the purposes of an alley for the use and benefit of all the several owners abutting or bordering thereon.

Von Baumbach died August 26, 1910. On November 1, 1924, the trustees of his estate conveyed to the defendants Will Gensrick and Lucy Gensrick, his wife, the west fifty feet of said lots 12, 13, and 14, except the south fifteen feet of the west fifty feet of lot 12, and by quitclaim deed, dated the same date, the said trustees also conveyed to the said defendants Will Gensrick and Lucy Gensrick, his wife, the south fifteen feet of said lot 12. Thereafter, on May 22, 1925, defendants Will Gensrick and Lucy Gensrick, his wife, conveyed by warranty deed to the defendant *Chester W. Erffmeyer* the west fifty feet of said lot 12 and the west fifty feet of the south twenty-five feet of said lot 13. Prior to the death of von Baumbach the strip consisting of the south fifteen feet of the west fifty feet of lot 12 was used for purposes of an alley, extending from Woodward street through to the alley, east of said lots 12, 13, and 14, by the various grantees aforesaid. Some time after the conveyance from the defendants Will Gensrick and wife to said *Erffmeyer* the latter made improvements on the south fifteen feet of the west fifty feet of said lot 12, which constituted an obstruction to the use of said strip as an alley.

This action was begun by *William Wegner* and *Bertha Wegner,* his wife, grantees of one of the thirty-foot lots, praying that their right to an easement over said fifteen-foot strip be established by the court; that said right be determined superior to the right of defendants, or any of them, over said strip, and that said defendants be permanently enjoined from maintaining said obstruction to said alley; and that a mandatory injunction issue requiring said defendants and each of them to remove the said obstructions and open said alley for travel.   From a judgment in accordance with this prayer the defendant *Erffmeyer* appeals.

For the appellant there was a brief by *George H. Moeller* and *Arnold Wangerin,* both of Milwaukee, and oral argument by *Mr. Moeller.*

For the respondents there was a brief by *Hammersley & Torke,* attorneys, and *Norton A. Torke,* of counsel, all of Milwaukee, and oral argument by *Mr. Torke.*

The following opinion was filed April 5, 1927:

OWEN, J.   The question presented is whether the plaintiffs have the right to use the south fifteen feet of the west fifty feet of lot 12 as an alley.   In *Fischer v. Laack,* 76 Wis. 313, at p. 319 (45 N. W. 104), it is said: "The only methods known to the law by which one person may acquire an easement in the lands of another are by grant or prescription or, in the case of a right of way, by necessity."   As these lots front on public streets, there can be no claim in this case of an easement by necessity, and no such claim is made.   Plaintiffs' claim to the easement is based upon both grant and prescription, and the trial court found that it did exist both by grant and prescription.

We find, however, that the record reveals no grant of the south fifteen feet of the west fifty feet of lot 12 to be used for the purposes of an alley.   In each of the three deeds by which the east ninety feet of lots 12, 13, and 14 were conveyed appear exceptions and reservations of the south fifteen

feet of those parcels, which created an easement for the purposes of an alley for the benefit of other land owned by the grantor across said east ninety feet (*Barkhausen v. C., M. & St. P. R. Co.* 142 Wis. 292, 124 N. W. 649, 125 N. W. 680; *Luttropp v. Kilborn,* 186 Wis. 217, 202 N. W. 368), but nowhere is there a grant of an easement for the alley across the west fifty feet of said lot 12. That such an easement cannot be implied from the reservations or exceptions contained in the various conveyances of the east ninety feet is expressly held in *Fischer v. Laack,* 76 Wis. 313, 45 N. W. 104. It must therefore be held that plaintiffs' right to an easement across the west fifty feet of lot 12 does not rest in grant.

The court, however, found upon the evidence "that the plaintiffs, claiming under their conveyance aforesaid, and their tenants, continuously, uninterruptedly, and with the knowledge and acquiescence of said Ernst von Baumbach and his successors, used said alley for the purpose of travel and for the customary uses of an alley since the 11th day of October, 1887, and until its obstruction by defendants, as hereinafter stated." The court then details the various purposes for which the alley has been used, and it found that "said alley was well defined and showed the marks of travel at all times, and that the defendants knew or ought to have known of the existence of said rights of the plaintiffs to the use of said alley, and purchased with notice of the rights of plaintiffs and the other owners abutting on said alley." The evidence fully supports this finding. "When it is shown that there has been the use of an easement for twenty years, unexplained, it will be presumed to have been under a claim of right and adverse, and will be sufficient to establish a right by prescription, and to authorize the presumption of a grant, unless contradicted or explained. In such a case the owner of the land has the burden of proving that the use of the easement was under some license, indulgence, or special con-

Wegner v. Erffmeyer, 193 Wis. 212.

tract inconsistent with the claim of right by the other party."
*Carmody v. Mulrooney,* 87 Wis. 552, 58 N. W. 1109. While
the burden is on one who claims an easement by prescription
to show the adverse user thereof for the statutory period, a
presumption that the use was adverse arises from mere proof
that it was so used. The owner of the land then has the
burden of proving that the use was permissive and not ad-
verse.

We take this occasion to correct a statement found in the
opinion of this court in *Wiesner v. Jaeger,* 175 Wis. 281,
184 N. W. 1038, where it is said that "The mere fact that
the user has continued for twenty years does not raise the
presumption of adverse, hostile user." This is an erroneous
statement of the law, the result of inadvertence, and is now
withdrawn. The decision in that case, however, did not rest
upon this erroneous statement of the law. In our view of
the evidence in that case, it established a permissive use of the
path in the beginning, and we considered that the finding of
the court that the use was adverse was not justified by the
evidence. To the point that proof of user for the statutory
period raises the presumption that such use was adverse, and
lays upon the owner the burden of proving the contrary, see
notes in 44 L. R. A. N. s. 89, and 8 L. R. A. N. s. 149.

The evidence in this case shows a continuous and unin-
terrupted use of the alley by the plaintiffs and other abutting
owners for a period of twenty years. This raises a presump-
tion that the use was adverse. There was no evidence to
rebut this presumption. The finding of the trial court, there-
fore, that the plaintiffs have a prescriptive right to the use of
the strip for the purposes of an alley cannot be disturbed, and
it results that the judgment must be affirmed.

*By the Court.*—So ordered.

A motion for a rehearing was denied, with $25 costs, on
June 20, 1927.