KIEFFER and others, Respondents, vs. Fox and others, Appellants.

*May 4—June 20, 1927.*

*Easements: Presumption from twenty years' user: Burden of proof.*

1. Whether there has been an adverse user of an easement for twenty years unexplained presents a jury question in a jury case, and a question for the court in a trial by the court. p. 367.

2. When it is shown that there has been the use of an easement for twenty years unexplained, it will be presumed to have been under a claim of right and adverse. Such user is sufficient to establish a right by prescription, and to authorize the presumption of a grant unless contradicted or explained. p. 367.

3. The burden of proof to show an adverse user of an easement for at least the statutory period of twenty years was on plaintiffs; and in this case, which involved the rights of the plaintiffs to use an alley abutting their property, it is *held* that the burden of proof was fully met.   p. 367.

APPEAL by the defendants from a judgment of the circuit court for Marathon county: A. H. REID, Circuit Judge. *Affirmed.*

This is an action brought by the plaintiffs against the defendants to permanently enjoin them from obstructing a certain alley abutting the property of the plaintiffs, and from preventing plaintiffs from using said alley as a means of ingress and egress to and from their respective premises.

Appellants' 'brief contains a plat (not drawn to scale) which affords a concrete view of the alley involved in this

case and of the property abutting thereon, and a copy of such plat is hereby reproduced in order that a comprehension of the physical situation may be facilitated:

BLOCK 19 OF ORIGINAL PLAT OF WAUSAU.

A and B    Eagles lot.
C    Kieffer lot.
D    Heinrich lot.
E    Heinrich alleyway.
F    Schmitz lot.
G    Fourth street alleyway in dispute.
H    Part of Fox's areaway affected by judgment.
I    Fox's back yard.
J    Fox's building Delmonico.
K    Gensmann lot.
L    Alleyway closed by Gensmann.
O    Kieffer back door and Merklein gate.
X    Lots not affected.

The complaint alleges that the plaintiffs are the owners of the east one-half of lot 2, block 19, of the original plat of the city of Wausau, Marathon county, Wisconsin; that the defendants *Sam Fox* and his wife, *Bertha,* are the owners of the south fifty feet of lots 7 and 8 in block 19 of said plat, and a strip of land ten feet wide running east and west of the south side of lots 5 and 6 of block 19 of said original plat; that the plaintiffs are the owners of an easement over defendants' said land, which easement and right of way is appurtenant to the said plaintiffs' land; that said easement and right of way is described as follows, to wit: Commencing at the southeast corner of said lot 7 in block 19 of said plat; running thence west thirty-seven feet; thence north thirty feet; thence east thirty-seven feet; thence south thirty feet to the place of beginning; also a strip of land ten feet wide, running east and west of the south line of lots 5 and 6 of block 19 of said plat; that said plaintiffs, their predecessors in title, and their employees have for more than fifty-two years prior to the commencement of this action enjoyed the continued and uninterrupted use of said easement and right of way in passing and repassing to and from their above described property on foot, by horse-drawn vehicles and other vehicles; that said use and enjoyment of said easement has been open, notorious, continued, and adverse, and exclusive of the rights of the defendants, their grantors and predecessors in title thereto, for more than fifty-two years prior to the commencement of said action.

That the *Wausau Aerie No. 251, Fraternal Order of Eagles,* is a subordinate lodge of the Fraternal Order of Eagles, a foreign corporation, and is located at Wausau, and is the owner of the south forty-six and one-half feet of lot 1 and the west one-half of lot 2 in block 19 of said plat; that the *Wausau Aerie No. 251, Fraternal Order of Eagles,* is the owner of an easement over defendants' land, which easement and right of way is appurtenant to the said plaintiffs'

land; that said easement and right of way is described as follows, to wit: (Then follows a description of the easement, the same as that claimed by the plaintiffs *Kieffer* and *Lerch.*) Following this is a claim of title on the part of *Wausau Aerie No. 251* of an easement, in language substantially identical to that alleged in the complaint with reference to the plaintiffs *Kieffer* and *Lerch.*

The complaint further alleges that prior to the commencement of this action the defendants have obstructed and have threatened to continue to obstruct the said easement, and that such obstruction will result in irreparable injury and damage to the plaintiffs, and that the plaintiffs have no adequate remedy in law. Then follows the prayer for injunctive relief, as above indicated.

In their answer the defendants deny that the plaintiffs acquired title by adverse user.

The findings of fact are in conformity with the opinion of the court, and as said opinion concisely and clearly establishes the facts involved in the litigation, the substantial parts thereof are here set forth:

One Merklein owned and established a meat market on the lot now owned by plaintiffs *Kieffer* and *Lerch* as early as 1867, and within a few years thereafter had no passageway from Jackson street to the rear of his premises for vehicles, and at least as early as 1878 was regularly using the way here in question to reach the rear of his premises, where he did some slaughtering, had a smoke-house and other appurtenances, and from which he took out his meat products. The use of this way to the rear of these premises was continued uninterruptedly until about the time of the commencement of this action. At the commencement of this use the alley from Fourth street to the rear of the *Fox* premises was on the property owned by one Pratt. Buildings were constructed on both sides of this alley very many years ago. The exact time does not appear, but most of them were there in the 80's.

The firm of Ritter & Stahl used the premises now owned by the plaintiff *Eagles,* as a furniture store and manufacturing plant, from some time about 1884 until 1891. The rear of their building was used for the manufacture of bar fixtures and interior finish, and they brought their lumber and raw material to the premises through the alley in question, reaching the rear of their premises, and took products out. After their occupancy the premises were generally occupied by a saloon, or similar business, until the *Eagles* became the owner in 1917.

Some use was made of the way through the alley to the rear of these premises by the occupants all the time up to the commencement of this action.

The Gustav Miller barn, located just east of the *Fox* premises and opening on the alley, was there when Ritter & Stahl occupied the *Eagles* property, and was used by Ritter & Stahl during their occupancy and for several years after they removed from the *Eagles* property, and the only approach thereto was through the alley. Others whose buildings bordered on the alley made similar use of it.

The Heinemanns operated a general store on the site of the present *Fox* building prior to 1886, when the premises were presumably owned by Pratt. They used the alley to bring goods to the rear of their store and for other purposes, and presumably this was used quite extensively.

When Pratt sold to Herman Miller the property now owned by *Fox,* in 1886, he deeded to Miller, in addition to these premises, a strip of land ten feet wide, extending from Fourth street to the premises, for alley purposes, and this strip is the one occupied by the alley. At that time there appears to have been a somewhat used way extending from Washington street south, where the barber shop now is, back of the Gensmann building, to the *Fox* property, and the occupants of the Gensmann building appear to have used this, and also the alley in question. After *Kickbusch* became the owner of the *Fox* property he orally agreed to give

Gensmann a right of way to the rear of the Gensmann building through the alley here in question, in consideration of the right given to *Kickbusch* to connect with and use Gensmann's sewer, and thereupon Gensmann closed up the way now occupied by the barber shop.

None of the owners of the *Fox* property, nor any other persons, objected to or sought to control or prevent the plaintiffs or their predecessors in title from approaching the rear of their premises through the alley and way in question, until just before the commencement of this action.

The buildings on the properties of the plaintiffs were constructed with rear entrances leading to and from the alley and way in question, and the doors in the *Kieffer* building are very large so as to admit vehicles, and these buildings were built up to three feet from the north line.

The use of the alley in question and the approach to the rear of the plaintiffs' premises began before there was any written grant to any one of a right of way along the line of the present alley. The deed by Pratt to Miller of the strip now occupied by the alley, designating it as for alley purposes, was granted to Miller in 1886, after the way was a long time in use by the occupants of the plaintiffs' and the defendants' properties.

There is no evidence of any permission having been asked or granted by Miller nor by his successors to any of the other users of the alley except to Gensmann.

As conclusions of law it was found that the strip of land ten feet wide running west of Fourth street upon the south ends of lots 5, 6, and 7 of block 19 of the original plat of the city of Wausau, and extending west to the west wall of the rear entrance to the building of the plaintiff, *Wausau Aerie No. 251, Fraternal Order of Eagles,* is subject to an easement and right of way appurtenant to the premises of the plaintiffs for their use and the use of their servants, em-

ployees, and patrons in giving ingress to and egress from their said premises with vehicles or otherwise.

*O. L. Ringle* of Wausau, for the appellants.

For the respondents there was a brief by *Patrick T. Stone* of Wausau and *Goggins, Brazeau & Graves* of Wisconsin Rapids, and oral argument by *Mr. Stone.*

DOERFLER, J. "When it is shown that there has been the use of an easement for twenty years, unexplained, it will be presumed to have been under a claim of right and adverse, and will be sufficient to establish a right by prescription, and to authorize the presumption of a grant, unless contradicted or explained." *Carmody v. Mulrooney,* 87 Wis. 552, 554, 58 N. W. 1109. Whether or not there was such an adverse user presents a question for the jury in a jury case, and one for the court when the cause is tried before the court. The case at bar was tried before the court, and the court's finding of adverse user for a period of over fifty years was amply supported by the evidence. Such user for so long a period, when unexplained, raises the presumption that it was under a claim of right from the beginning, and adverse. The burden of proof to show such adverse user for at least the statutory period of twenty years rested upon the plaintiffs, and this burden was fully met. There is no evidence in this case to explain or overcome this presumption. There is no evidence of permission or of mere indulgence.

Defendants' counsel contends that the deed to Miller by Pratt of the premises now owned by the defendant *Fox,* in the year 1886, also contained a grant of this ten-foot strip for alley purposes. But long before this grant, the predecessors in title of the plaintiffs had made use of this alley to obtain ingress to and egress from their property. Such use was neither forbidden nor permitted. It was exercised adversely as against all the world; and as it was exercised for

many years prior to such grant, it continued to be so exercised until the time of the commencement of the action. There is not a scintilla of evidence in the case to show that either the plaintiffs herein or their predecessors in title continued the use of this alley, after the grant to Miller, in any other way than in the manner in which it had been used by them prior to such grant. This, it appears, is rather persuasive that, notwithstanding the grant to Miller, plaintiffs and their predecessors in title refused to recognize such grant as having any effect whatsoever upon their right of user of the alley in question, but, on the contrary, tends to establish an adverse user, one hostile to the owner of the fee.

It is argued by defendants' counsel that the facts in this case are substantially analogous to those in the case of *Frye v. Highland,* 109 Wis. 292, 85 N. W. 351. In the syllabus in the *Frye Case* it is said:

"While the owner of a hotel was using part of the premises as a private way to the hotel barn the owner of the adjoining lot commenced to use the same way as a means of access to and egress from the back part of his lot. *Held,* that such use by the adjoining owner would be presumed to have been permissive, in the absence of evidence to the contrary, and therefore could not ripen into title by adverse possession. Occupancy commencing by permission of the true owner cannot operate as a disseisin until it becomes visibly in defiance of his rights."

It is clear from the statement of facts in the *Frye Case* and in the opinion that the use by the adjoining owner was permissive and not adverse; that it began at the time of the establishment of the way, and that such use was not unexplained, as in the *Carmody Case* and in the case at bar. The rule laid down in the *Carmody Case* is in harmony with the great weight of authority in this state and elsewhere.

It is evident that at the time Pratt executed his conveyance to Miller, Miller desired to assure himself, while he was purchasing the property, that he would not be inter-

fered with in the use of this alley as a mode of ingress to and egress from the rear of his premises. The trial court so concluded, and we so conclude, and such conclusion is based upon the proper inference from the evidence' in the case. The fact that the plaintiffs in the construction of their buildings provided for doors and windows in close proximity to the alley, clearly indicates an assertion of right to the use of this alley which would be adverse to all other persons claiming or having title thereto. The fact that the buildings were so constructed, however, is merely of evidentiary value.

The *Frye Case* does not pretend to overrule or modify the *Carmody Case;* on the contrary, the distinction between the two cases is made clear in the opinion, where it is said:

"Respondent's counsel seems to think the case is ruled by *Carmody v. Mulrooney,* 87 Wis. 552, 58 N. W. 1109, and *Wilkins v. Nicolai,* 99 Wis. 178, 74 N. W. 103, *supra.* In our view these cases condemn the judgment appealed from at all points. They rest on the doctrine that an unexplained, continued use of land for twenty years raises a presumption that it was characterized during the whole period by all the essentials of adverse possession, and *prima facie* establishes it, but that such presumption may be overcome by evidence that the occupation was under some license, indulgence, or special contract inconsistent with the claim of right by the occupant. Here there was no unexplained use for twenty years, or for any other period. The occupancy at the commencement was neither exclusive nor hostile. . . ."

The doctrine of adverse possession in the *Carmody Case* was further affirmed in the recent case of *Wegner v. Erffmeyer, ante,* p. 212, 213 N. W. 472.

We are therefore of the opinion that the judgment of the lower court was right.

*By the Court.*—Judgment affirmed.