CARLSON and others, Respondents, vs. DORSCH, Appellant.

*October 10—November 7, 1956.*

For the appellant there was a brief and oral argument by *William P. McGovern* of Milwaukee.

For the respondents there was a brief and oral argument by *John A. Udovc* of Milwaukee.

WINGERT, J.   Nothing appears in the record which would give defendant any right to drive over the least portion of plaintiffs' land, or to pull down any post located exclusively on and above plaintiffs' land, unless it be a prescriptive right arising by adverse user.

Use of an easement for twenty years, unexplained, will be presumed to have been under a claim of right and adverse, and will in many circumstances be sufficient to establish a right by prescription. *Carmody v. Mulrooney,* 87 Wis. 552, 554, 58 N. W. 1109; *Carlson v. Craig,* 264 Wis. 632, 636, 60 N. W. (2d) 395. Dorsch founds his case on that proposition.

The trial court properly found that Dorsch had failed to establish the necessary twenty years of user.  Dorsch's own testimony on the subject covered a much shorter period.  The only evidence going back as much as twenty years was that of a witness who lived across the street, and testified that from his house he had seen cars go along the driveway from the front to the rear of the defendant's property several times a week since 1930.  That witness admitted, however, that since his house was not directly in front of the driveway, he did not see as far back as the corner of the plaintiffs' property, and his testimony does not establish that the cars which he saw actually traveled over any part of plaintiffs' land.

It is sought to make up for this deficiency in proof by testimony that owing to the small space between the corner of Dorsch's house and the end of his easement over the Vieth property, it is impossible for cars to go from the driveway into his back yard without driving over the corner of plaintiffs' land.  There is also direct testimony, however, that while a large car failed in an effort to go from the driveway into Dorsch's back yard while the post installed by plaintiffs at their corner was still there, another shorter and older car also tried and got through.  There is no clear evidence that the smaller type of car generally used fifteen or twenty years

ago could not negotiate the curve from the driveway into the back yard without passing over plaintiffs' land, nor is there evidence that the cars which the witness across the street frequently saw using the driveway in the earlier years were not of a smaller sort than are now common, which could negotiate the curve without impinging on plaintiffs' premises.

Since Dorsch failed to prove the twenty years' user necessary to establish a prescriptive right, he is not in position to complain of the trial court's adjudication that the plaintiffs may erect and maintain a post at their corner, even though such post may effectively prevent the large modern automobiles from entering his back yard.

*By the Court.*—Judgment affirmed.