COURT OF APPEALS
DECISION
DATED AND FILED

May 13, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP2427**

Cir. Ct. No. 2018CV209

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

GERALD R. WOLLIN, CONNIE K. WOLLIN, PETER G. WOLLIN, JAMES R. WOLLIN AND AMBER A. TURFLE,

   PLAINTIFFS-APPELLANTS,

 V.

STEPHEN J. DOLJANIN,

   DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Juneau County: STACY A. SMITH, Judge. *Affirmed.*

Before Fitzpatrick, P.J., Kloppenburg, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Gerald Wollin and other plaintiffs appeal an order dismissing their claim for a prescriptive easement based on adverse use of a road on land owned by respondent Stephen Doljanin. The issue is whether the circuit court applied the correct law in concluding that Doljanin rebutted the presumption that Wollin's use of the road was adverse. We conclude that the court used the correct law and, therefore, we affirm.

¶2 Wollin's claim for a prescriptive easement is made pursuant to WIS. STAT. § 893.28(1) (2019-20),[1] which requires a twenty-year period of continuous adverse use of rights in the land of another to obtain a prescriptive right to continue the use. The parties agree that the twenty-year period at issue in this case runs from 1996 to 2016.

¶3 The circuit court rejected Wollin's claim on two alternate grounds, each of which led to the circuit court's conclusion that the required twenty-year period of continuous and adverse use had not occurred. Pertinent to our analysis, the court recounted testimony by Wollin that, from 1999 to 2010, the previous owner of what is now Doljanin's property saw Wollin using the road through the property, but did not tell Wollin that he could not use the road, even though they spoke on some of those occasions.

¶4 Based on that testimony, the circuit court determined that "there is implied consent. He sees him riding on it. He doesn't tell him off. He doesn't get upset …. That's, in the Court's eyes, implied that he knew he was riding it, but he didn't really care. So it's giving him permission to use that property in that way."

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

¶5    On appeal, the parties agree that there is a rebuttable presumption that an unexplained use of an easement is adverse.  Wollin argues that the circuit court's finding of "implied consent" improperly turned that burden around and presumed the existence of permission, rather than requiring Doljanin to rebut the presumption of adverse use.

¶6    In support of his argument, Wollin relies on **Shellow v. Hagen**, 9 Wis. 2d 506, 101 N.W.2d 694 (1960).  He argues that in **Shellow** the court rejected this kind of attempt to change the presumption.  Specifically, the court stated that an inference of permissive use "cannot arise merely from the fact that the plaintiffs and the defendants were neighbors." **Id.** at 514.

¶7    **Shellow** is not persuasive because here the circuit court did not rely on the fact that the people involved were neighbors.  Instead, the court relied on personal contact between the neighbors, in which one saw the other using his land and did not object, even though they spoke.

¶8    Wollin argues that the circuit court erred in some manner by using the term "implied consent."  We disagree.  Wollin appears to be suggesting, without actually stating, that the consent must be express, rather than implied, to rebut the presumption of adverse use.  However, he does not cite any authorities to that effect.  *See* **Kruczek v. DWD**, 2005 WI App 12, ¶32, 278 Wis. 2d 563, 692 N.W.2d 286 (2004) ("We need not consider argument unsupported by reference to legal authority.").

¶9    And, to the contrary, case law states that such a right cannot arise from "a mere tolerated or permissive use." **Carmody v. Mulrooney**, 87 Wis. 552, 553, 58 N.W. 1109 (1894).  The term "tolerance" does not suggest only an express acceptance of a situation, but also suggests a passive, unspoken acceptance.

Accordingly, we conclude that tolerance, even if only implied, can overcome the presumption of adverse use.

¶10    As to the findings of historical fact that Wollin had these contacts with the prior landowner, Wollin does not appear to be challenging those on appeal. Even if he were, the findings are sufficiently supported by the testimony the circuit court relied on.

¶11    We further conclude that "tolerance" is an apt term for what was described in the testimony the circuit court relied on. The owner knew that Wollin was using the road, and impliedly tolerated it. This was sufficient to overcome the presumption of adverse use.

¶12    Because Doljanin overcame the presumption of adverse use for the 1999 to 2010 portion of the twenty-year period at issue in this case, Wollin's claim for a prescriptive easement fails. The circuit court properly dismissed his claim. We need not address the other ground relied on by the circuit court, which related to use of the property in the 1996 to 1998 portion of the twenty-year period. *See Cholvin v. DHFS*, 2008 WI App 127, ¶34, 313 Wis. 2d 749, 758 N.W.2d 118 (declining to reach other issues raised where one issue disposed of the appeal).

       *By the Court.*—Order affirmed.

       This opinion will not be published. *See* Wis. Stat. Rule 809.23(1)(b)5.

4