BASSETT, Appellant, vs. SOELLE, Respondent.

*January 13—February 10, 1925.*

*Easements: Passage through uninclosed woodland: Adverse or per-
missive user: Presumption: Evidence: Sufficiency.*

1. Generally, the mere use of a passway through uninclosed lands,
   and especially woodland, will not give a right of way by pre-
   scription; but an easement may be acquired over such land
   by long adverse user when the use is accompanied by a notori-
   ous assertion of right showing a hostile claim.   p. 58.
2. In the absence of an assertion of such right, mere acquiescence
   by the owner in the use is regarded as permissive, and no
   presumption arises that the use is under a claim of right.
   p. 58.
3. In an action for trespass to uninclosed timber land, in which the
   defendant claimed a right of way by adverse user for more
   than twenty years, the evidence is *held* insufficient to establish
   the easement claimed.   p. 58.

APPEAL from a judgment of the circuit court for Sauk
county: E. W. CROSBY, Judge. *Reversed.*

For the appellant there was a brief by *LaMar & Jenks*
of Baraboo, and oral argument by *W. T. Jenks* and *C. M.
LaMar.*

For the respondent there was a brief by *Grotophorst,
Quale & Langer* of Baraboo, and oral argument by *H. M.
Langer.*

JONES, J.   This is an action for trespass.   The defendant
sets up that he had acquired a right of way over the plaint-
iff's land by adverse user for more than twenty years.   In
a special verdict the jury found (1) that the defendant had
committed no trespass; (2) the question as to damages was
not answered; (3) that the defendant or his predecessors in
title used the roadway in question for twenty years or more
prior to December 1, 1919; (4) that the owner had no
knowledge of the use; (5) that the plaintiff did not purchase
the land without notice of the defendant's claim; (6) that

an ordinarily prudent person should have discovered the track in question; (7) that the use had been adverse, under claim of right, open, notorious, and for twenty years or more prior to December 1, 1919. Judgment was entered for the defendant on the verdict.

There was testimony sufficient to sustain the answer of the jury to the third question. It was the claim of the defendant that he had an easement across the sixty acres of land of the plaintiff to a forty-acre tract owned by himself and adjoining the plaintiff's on the northwest. Both parties had bought their parcels of land in 1919. These two tracts were both woodland and were parts of a much larger area of timbered land, all uninclosed, although after his purchase the plaintiff built a fence around his sixty acres. These lands and other adjoining lands are at some distance from public highways.

The proof showed that for many years the predecessor of the defendant, living several miles away from the forty-acre tract, had been in the habit of crossing the plaintiff's land to his own, in the winter, for the purpose of getting wood. The defendant does not claim an unrestricted easement, but only the right to pass over a strip about twelve feet wide during the winter season. This track is somewhat irregular in its course, winding through the woods, but there was testimony that it had been traveled for the requisite period; that there was a rut showing its course, although there was no evidence as to how the rut had been formed. Prior to the purchase of his land by the plaintiff there seems to have been no opposition by any one to the use of the defendant's predecessors in title. After the purchase, however, and after the fencing of the tract, the defendant upon several occasions cut the fence wires and claimed the right to cross the land.

There was no evidence that any one had worked on the trail in question or exercised any acts of dominion over it.

There was a little evidence that where brush hung over the trail, parties passing through would cut it off. There was testimony to the effect that in the neighborhood, when the land was fenced, as a rule persons would go to the owner and.get permission to cross, but when unfenced it was the rule "to go where they are n't stopped, without any permission." Counsel for appellant urge that the case was submitted to the jury under erroneous instructions and on a wrong theory of the law. In reference to question 7 the court gave the jury the following instruction, among others:

"If the jury believe by a clear and satisfactory preponderance of the evidence that the road has been used by the defendant and his predecessors in title over the place in question for twenty years or more; that such user has been open, notorious, and uninterrupted, then their answer to this question should be 'Yes.' "

This is the first time that the question of law now involved has come before this court. Counsel for the defendant, and presumably the trial court, have relied on *Hanson v. Taylor*, 23 Wis. 547. In that case the question was what kind of use was sufficient to establish a public highway by prescription. The statute was as follows:

"All public highways now in use, heretofore laid out and established, pursuant to law, and all roads not recorded which shall have been used as public highways twenty years or more, and roads not recorded which shall hereafter be used ten years or more, shall be deemed public highways." Sec. 85, ch. 19, R. S. 1858.

The court was asked to charge the jury that if they should find from the evidence that the premises had been used continuously and uninterruptedly as a public highway for twenty years, such use was conclusive in favor of the public and that it was a highway and the plaintiff could not recover. The request was refused and the court charged the jury in part that there must be something more than mere traveling

over or use of the track for the period prescribed in the statute; that there must be adverse user for that period and some act done on the part of the proper authorities showing a claim of right.   In this instruction the court followed the decision in *State v. Joyce,* 19 Wis. 90.   Two of the Justices rendered a decision overruling the latter case and held that the requested instruction should have been given.   It was held in substance that no language of the statute prescribed that the user must be adverse or under a claim of right, and that to so construe it would be adding most material and important qualifications, and that the user mentioned in the statute was not intended to be a matter of permission. Referring to the fact that it had been held in some states that a bare use of land as a highway over waste and uninclosed land for the local period of limitation will not give a prescriptive right or warrant the presumption of a grant, the court said: "I do not find in any of these states, however, a statute like the one which exists here, and which it seems to me must have a controlling influence upon the effect of a continued user of the highway for the requisite period." Mr. Chief Justice Dixon wrote a long, vigorous, and able dissenting opinion arguing that the authorities relied on by the court did not justify the conclusions reached and citing numerous authorities to sustain a contrary view.   He maintained that the term "used" in the statute had its ordinary and common-law meaning and implied a use in hostility to the rights of the owner and inconsistent with his present use and enjoyment of his land.

It is true that in this dissenting opinion the view is expressed that the rule declared by the court would apply to user of uninclosed land where a private instead of a public way is claimed, and the danger of the rule in either case is pointed out.   But it is very plain that the decision of the court was based on the express language of the statute relating to public highways, and there was no attempt to decide

what would be the rule on such a state of facts as is here presented.

Counsel for the defendant urge that this case has never been overruled, and they cite other decisions of this court which it is claimed justify the instruction now objected to. They especially rely on *Carmody v. Mulrooney,* 87 Wis. 552, 58 N. W. 1109, and *Wilkins v. Nicolai,* 99 Wis. 178, 74 N. W. 103. These were not cases relating to uninclosed lands, and no such question as is now presented was raised. Outside this jurisdiction the decisions almost universally hold that mere use of a track or way over uninclosed lands, and especially woodlands, for the statutory period does not raise a presumption that the use is adverse to the rights of the owner. Indeed, there seem to be very few states in which a contrary rule prevails. The reasons for the distinction between the rule which should govern in the case of the use of a way over inclosed land and over uninclosed land are obvious. When an owner fences his land it is a polite notice to other persons to keep out and that his possession is exclusive. If others commence to travel through such an inclosure and continue to do so, the question quite naturally arises in the mind of the owner whether such travel is under a claim of right, and if so whether the claim should be denied and resisted. On the other hand, it is a matter of common knowledge that where there is uninclosed woodland, like that here in question, it is customary for the public, for purposes of pleasure or convenience, to pass through it without express permission. So long as such use causes no inconvenience to the owner he would be regarded as unneighborly and churlish to forbid the use. In some parts of this state there are large areas of open woodland through which many persons pass without restraint. These lands are held by the owners with the expectation that when it is practicable they will inclose and cultivate them. It would be a harsh rule that the owners of such lands must

stand guard over them or be deprived of valuable rights by those who have taken advantage of liberal treatment. It is for such reasons as these that it is generally held that the mere use of a passway through woodland will not give a right of way by prescription. Of course an easement may be acquired over such land by long adverse user, when the use is accompanied by a notorious assertion of right showing a hostile claim. But in the absence of such conduct, mere acquiescence in the use is regarded as permissive, and no presumption arises that the use is under a claim of right.

It is unnecessary to cite the many cases relied upon by the plaintiff's counsel to support their claim that the instructions objected to were erroneous. Many of them will be found cited in 19 Corp. Jur. 901 and in 1 A. L. R. 1368. It is very plain that the instructions objected to cannot be reconciled with the views we have expressed. There were other instructions explaining the meaning of the terms "adverse user" and "claim of right," but there were none which could suffice to remove from the minds of the jury the erroneous impressions conveyed by those we have quoted. We are convinced that the case was tried on a mistaken theory as to the law and also that there was not sufficient testimony to establish the easement claimed by the defendant.

In the briefs there is some discussion of the question whether the plaintiff was an innocent purchaser for value and took the land free from the burden of an easement, if any had been acquired. In view of our decision this subject calls for no discussion.

*By the Court.*—The judgment is reversed, and the cause remanded with directions to enter judgment for the plaintiff for nominal damages and costs.