CHRISTENSON and wife, Appellants, vs. WIKAN and others, Respondents.

*November 18—December 15, 1948.*

For the appellants there was a brief by *Donald L. Farr* and *James C. Herrick,* both of Eau Claire, and oral argument by *Mr. Herrick.*

For the respondents there was a brief by *Willis E. Donley,* attorney, and *William B. Collins* of counsel, both of Menomonie, and oral argument by *Mr. Collins.*

WICKHEM, J.    Plaintiffs are the owners of lot 5, and the north 8 feet of lot 6, in block 1, Chapman & Thorp's fourth addition to the city of Eau Claire.    Defendants are the owners of the balance of lot 6 which lies immediately to the south of plaintiffs' property.    Both properties face east on Graham

avenue which runs north and south. There is a north and south curb running from the street to the sidewalk and forming a driveway entrance. This curb extends to the sidewalk and from there on west the driveway is uninclosed. At the street the distance between the curbs is about fifteen feet. The distance from the south line of the Christenson property to the face of the south curb is 5.9 feet and to the face of the north curb is 9.05 feet. A trellis extends north from defendants' residence to a point 7½ feet south of the south line of the Christenson property. The south edge of the driveway is from one to three feet north of the north edge of the trellis heretofore mentioned. There is some dispute as to the width of the used driveway but it may merely be said at this point that the contentions vary from 7½ to 10 feet.

It is perfectly clear that both parties and their predecessors in title have used this driveway jointly at least since 1916 and possibly for a much longer time. There were no controversies over the use of the driveway until this dispute arose. None of the parties ever objected to the use by the other of the driveway nor have there been any specific claims asserted by defendants or their predecessors in title to a right to use the driveway. There have been a few incidents of no legal significance when guests at defendants' house would leave their cars on the driveway or on plaintiffs' property and the latter would protest but these resulted in the immediate removal of the cars.

A careful examination of the testimony convinces us that this is a case of the unexplained use of this property by defendants and their predecessors in title at least from 1916 to July, 1947. The case is therefore ruled by *Shepard v. Gilbert,* 212 Wis. 1, 249 N. W. 54, which held that in the case of property which is either improved or in the process of being improved,

whether for use as agricultural land or city property, the rule of *Carmody v. Mulrooney*, 87 Wis. 552, 58 N. W. 1109, applies. See also *Martin v. Meyer*, 241 Wis. 219, 224, 5 N. W. (2d) 788, where it was said, "When it is shown that there has been the use of an easement for twenty years unexplained, it will be presumed to have been under a claim of right and adverse, and will be sufficient to establish a right by prescription and to authorize the presumption of a grant, unless contradicted or explained."

The property here involved is clearly of the sort involved in the *Shepard Case, supra,* and as to which the above rule was applied and is not wild, uninclosed lands such as were involved in *Bassett v. Soelle,* 186 Wis. 53, 202 N. W. 164, as to which it was held that user for twenty years unexplained is presumed to be permissive. The *Martin Case, supra,* relied on by plaintiff was based on evidence which this court held conclusively to establish the use as permissive.

Appellant also cites sec. 330.12 (2), Stats., enacted in 1941 following the *Shepard Case, supra.* This section has no application here. What is now sec. 330.12 (1) was originally enacted as ch. 57, Laws of 1885, and was contained in a chapter of the laws of 1885 having the caption, "An act relating to telegraph, telephone, electric light and other wires and cables." The language has been somewhat changed but the first subsection has not been changed since 1913. Since sub. (2) was inserted as a subsection to sec. 330.12 it is arguable that it was intended to relate to the same subject matter as sub. (1), that is, maintenance of overhead wires. However, we need not decide this point since sub. (2) applies only to uninclosed land which is defined in the *Bassett Case, supra,* as wild and unimproved land. Furthermore, the enactment in 1941 could not affect the prescriptive rights acquired by an adverse user beginning in 1916 because those rights were already vested by that time.

We are therefore of the view that the court correctly held that a prescriptive right of user vested in respondent by reason of the unexplained user for twenty years or more. It is objected by appellants that the court did not place the driveway correctly and that the width of the driveway as established is too great. We have examined the testimony and are of the view that the trial court correctly disposed of the matter. There is evidence to sustain the finding that the driveway centered between the edges of the curb leading from the street and extended in a nearly straight line west to the rear of the lands; that it was ten feet wide throughout its course. Putting a driveway ten feet wide in the center of the space between the curbs results in putting it three fifths on plaintiffs' land and two fifths on defendants' property. This is what the court did and in view of the evidence we are of the view that the determination was correct.

*By the Court.*—Judgment affirmed.