Lawrence Kruckenberg, Plaintiff-Respondent,

v.

Robert Krukar, Jr. and Lucia Krukar,
Defendants-Appellants,

Gerald R. Chappa, Defendant.

Court of Appeals

*No. 2017AP124–FT.—Submitted on Briefs June 15, 2017.
Decided September 27, 2017.*

2017 WI App 70

(Also reported in 903 N.W.2d 164.)

316

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Nicholas C. Zales* of *Zales Law Office*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *William H. Gergen* of *Gergen, Gergen & Pretto, S.C.*, Beaver Dam.

Before Neubauer, C.J., Reilly, P.J., and Hagedorn, J.

¶ 1. REILLY, P.J. Lawrence Kruckenberg brought a claim for adverse possession and damages against his neighbors, Robert and Lucia Krukar.[1] The circuit court denied Krukar's motion for summary judgment on the ground that material issues of fact existed as to whether Kruckenberg could prove "exclusivity." The jury found adverse possession and awarded damages to Kruckenberg. Krukar's post-verdict motion challenging the sufficiency of the evidence was denied. We affirm in all respects.

*Background*

¶ 2. Krukar and Kruckenberg are adjoining landowners. Kruckenberg purchased his forty-acre parcel in 1983, and Krukar purchased their 11.5–acre parcel in 2001. Kruckenberg's parcel is located to the west of Krukar's with the exception of a deeded "one-rod"[2] strip of land that runs approximately 1361 feet along the south boundary of Krukar's parcel. The

---

[1] For ease, we refer to both Robert and Lucia as "Krukar."

[2] A rod is approximately 16.5 feet in width.

original 1882 deed from Kruckenberg's predecessor described the one-rod strip of land as "designed as a roadway" and further required the grantee "to construct and keep in repair when necessary, the fence on the North margin of said grant." Evidence reflected that the northern fence was never located entirely within the "one (1) rod in width" legal description and encroached ten to twelve feet onto Krukar's parcel for approximately 1164 feet of the length of the driveway.

## Adverse Possession

¶ 3.  "Adverse possession is a legal action that enables a party to obtain valid title of another's property by operation of law." *Wilcox v. Estate of Hines*, 2014 WI 60, ¶ 19, 355 Wis. 2d 1, 849 N.W.2d 280; *see also* WIS. STAT. § 893.25(1) (2015–16).[3] Property is adversely possessed only if the possessor, for a period of twenty years, "is in actual continued occupation under claim of title, exclusive of any other right," and the property is "[p]rotected by a substantial enclosure" or "[u]sually cultivated and improved." Sec. 893.25(2)(a), (b); *Wilcox*, 355 Wis. 2d 1, ¶¶ 19–20. Physical possession must be "hostile, open and notorious, exclusive and continuous." *Wilcox*, 355 Wis. 2d 1, ¶ 20.

¶ 4.  "Hostile intent," does not require "a deliberate, willful, unfriendly animus" as the law presumes the element of hostile intent "[i]f the elements of open, notorious, continuous and exclusive possession are satisfied." *Id.*, ¶ 22 (citation omitted). Adverse possession is typically not suitable for summary judgment as

---

[3] All references to the Wisconsin Statutes are to the 2015–16 version unless otherwise noted.

one claiming adverse possession must establish the length of occupancy, the area occupied, and the nature and character of occupancy, all of which are issues of fact. *See Milwaukee Cty. v. Milwaukee Yacht Club*, 256 Wis. 475, 478, 41 N.W.2d 372 (1950); *see also Illinois Steel Co. v. Jeka*, 123 Wis. 419, 427, 101 N.W. 399 (1905).

## Summary Judgment Motion

¶ 5. Kruckenberg filed suit in 2013 after Krukar removed much of the northern fence in 2012–13. Krukar moved for partial summary judgment on the ground that Kruckenberg could not prove "exclusivity" as Krukar has "on many occasions used and exercised ownership rights" over the driveway and allowed others to use the roadway. Krukar presented affidavits that a neighbor used the roadway "one or two times yearly, to drive his ATV and to walk without permission from . . . Kruckenberg." Additional affidavits were offered from individuals who claimed to have used the driveway "on several occasions annually" without Kruckenberg's permission. Krukar asserted that aside from the fence, Kruckenberg "took absolutely no action to publicly assert ownership, provide notice of his claim to [Krukar] or preclude anyone from using the lane."

¶ 6. Kruckenberg responded with his own affidavit indicating that the roadway and fence have remained in the same place from the time he bought his property until Krukar removed the fence without his permission in 2012–13. At the time Kruckenberg purchased his parcel, a locked chain attached to metal end posts existed at the entrance to the roadway, and while he removed the chain, he posted a "no trespassing" sign at the entrance to the roadway which has re-

mained in place for more than twenty-seven years. Kruckenberg testified that he has maintained the driveway, trimmed tree branches along it, reset fence posts, and replaced wood fence posts with steel fence posts.

¶ 7. Kruckenberg and Krukar have argued over the fence and the encroachment since 2004. Krukar's request to remove the fence in 2004 was denied by Kruckenberg: "[M]y reply was no, because the fence marks my border line, marks my line—the driveway line." Kruckenberg at the time gave Krukar permission to cut a small hole in the fence so that Krukar could get to neighboring land to cut wood. Kruckenberg offered in evidence a letter from Krukar's predecessor, in which they asked Kruckenberg for permission to use the roadway.[4] Evidence was received that in 1984 a landlocked neighbor sought and received permission from Kruckenberg to use the roadway. In 2005, Kruckenberg granted permission to the county to use the roadway as a snowmobile route.

¶ 8. Summary judgment is only appropriate when there are no material factual disputes and the moving party is entitled to judgment as a matter of law. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). Kruckenberg opposed the motion on the grounds that he only allowed use of the road to people to whom he granted permission. Kruckenberg argued that the "casual and sporadic entry upon the land" by Krukar and others does not upset his claim for adverse possession, rather it simply created a material issue of fact as to whether Krukar's and others use of the road was sufficient to defeat the

---

[4] Permission which Kruckenberg gave.

exclusivity component. We agree; "[t]he true owner's casual reentry upon property does not defeat the continuity or exclusivity of an adverse claimant's possession. The true owner's reentry should be a substantial and material interruption and a notorious reentry for the purpose of dispossessing the adverse occupant." *Otto v. Cornell*, 119 Wis. 2d 4, 7, 349 N.W.2d 703 (Ct. App. 1984) (citing *Frank C. Schilling Co. v. Detry*, 203 Wis. 109, 115, 233 N.W. 635 (1930)). Here, given the competing facts, the finding is one for the fact finder, not for a court as a matter of law. Further, "[e]xclusive possession, for purposes of adverse possession, means that the claimant must show an exclusive dominion over the land and an appropriation of it to his or her own use and benefit." 3 AM. JUR. 2D *Adverse Possession* § 61 (2011). The claimant's possession, however, need not be absolutely exclusive of all individuals, and "need only be a type of possession that would characterize an owner's use of the property." 3 AM. JUR. 2D *Adverse Possession* § 62. That standard allows an adverse possessor the freedom to allow others to occasionally use the property without abandoning his or her claim.

■

¶ 9. We observe that the existence of the northern fence in and of itself is sufficient to create an issue of material fact as the "substantial enclosure" requirement is flexible and subject to no "precise rule in all cases" as "[s]o much depends upon the nature and situation of the property." *Illinois Steel Co. v. Bilot*, 109 Wis. 418, 444, 84 N.W. 855 (1901) (citation omitted). All that is required is some indication of the boundaries of the adverse possession to give notice and need only be "reasonably sufficient to attract the attention of the true owner and put him on inquiry as to the nature and extent of the invasion of his rights." *Id.* at 446; *see also*

*Ayers v. Reidel*, 84 Wis. 276, 285–86, 54 N.W. 588 (1893) (finding whether a fence built by claimant had become a settled boundary by acquiescence was properly submitted to the jury).

¶ 10.  Kruckenberg put forth sufficient evidence to show material issues of fact concerning "exclusivity" and the circuit court properly denied the motion and put the dispute to the jury.

*Sufficiency of the Evidence*

¶ 11.  The jury found all elements of adverse possession were proven by Kruckenberg and found that Krukar caused $500 in damages for removing the northern fence. Krukar moved to vacate the verdict, challenging the jury's finding that the fence was a "substantial enclosure" and the sufficiency of the evidence regarding Kruckenberg's "exclusive" use of the property. We review a jury's verdict very narrowly and "will sustain a jury verdict if there is any credible evidence to support it." *Morden v. Continental AG*, 2000 WI 51, ¶ 38, 235 Wis. 2d 325, 611 N.W.2d 659. When reviewing a jury verdict, we consider the evidence in the light most favorable to the verdict and will affirm unless the jury, properly applying the law, could not have reasonably concluded that the adverse possessor met his or her burden of proof. *Id.*, ¶ 39.

¶ 12.  Krukar argues that the northern fence was insufficient to give notice of Kruckenberg's assertion of ownership. Krukar notes that in *Steuck*, this court concluded that a swampy area and a man-made drainage ditch did not constitute a substantial enclosure. *Steuck Living Trust v. Easley*, 2010 WI App 74, ¶ 30,

325 Wis. 2d 455, 785 N.W.2d 631. The reasoning of the *Steuck* court does not aid Krukar. A ditch is not customarily used to demarcate the outer limits of property, which is why the *Steuck* court required some additional evidence demonstrating knowledge of that specific purpose. A fence, in contrast, is universally recognized as a way to indicate a boundary line. All that is required to fulfil the substantial enclosure requirement is something that indicates the boundaries of the adverse claim. *See* WIS JI—CIVIL 8060 ("The requirement of 'substantial enclosure' must alert a reasonable person of a dispute over the land.").

¶ 13.   Krukar also contests the jury's finding that Kruckenberg demonstrated exclusive use of the driveway. According to Krukar, numerous people were using the disputed lane on a regular basis, and "[n]on-exclusive use of the [driveway] by the neighbors existed long before *either* of the parties purchased their properties." Krukar's argument goes to the weight of the evidence rather than the sufficiency of the evidence. The northern fence is a "substantial enclosure"; Kruckenberg's predecessor established exclusivity by installing a chain over the entrance to the driveway; Kruckenberg replaced the chain with a "no trespassing" sign; Kruckenberg maintained the roadway and reset and replaced wood fence posts with steel fence posts; Krukar's predecessors acknowledged Kruckenberg's ownership by asking permission to use the roadway; and Krukar's request to remove the fence in 2004 evidenced notice by Krukar that Kruckenberg was claiming the land as his own.

¶ 14. The evidence was sufficient to support a finding of exclusivity and the circuit court properly denied the motion and granted judgment on the verdict.

*By the Court.*—Judgment affirmed.