COURT OF APPEALS
DECISION
DATED AND FILED

April 27, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP900**

**STATE OF WISCONSIN**

Cir. Ct. No. 2019CV110

**IN COURT OF APPEALS
DISTRICT IV**

LLOYD C. MEYER,

    PLAINTIFF-APPELLANT,

  V.

XCEL ENERGY SERVICES INC.,
NEILLSVILLE IMPROVEMENT CORPORATION
AND NORTHERN STATES POWER COMPANY,

    DEFENDANTS-RESPONDENTS.

---

APPEAL from an order of the circuit court for Clark County: RICHARD A. RADCLIFFE, Judge. *Affirmed in part; reversed in part and remanded*.

Before Kloppenburg, Fitzpatrick, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Lloyd C. Meyer appeals an order of the Clark County Circuit Court granting summary judgment to Northern States Power Company ("NSP") on Meyer's adverse possession and prescriptive easement claims. Meyer argues that the circuit court erred in granting summary judgment as to both claims. For the following reasons, we affirm the circuit court's order with respect to Meyer's adverse possession claim, but we reverse the circuit court's order with respect to Meyer's prescriptive easement claim.

## BACKGROUND

¶2 There is no dispute as to the following material facts.

¶3 NSP is a public utility that transmits and distributes electricity in Wisconsin. NSP owns a 100-foot-wide strip of land (the "NSP Property") that abuts property owned by Meyer. The NSP Property is a section of a longer strip of land owned by NSP that spans over twelve miles between Neillsville, Wisconsin and Chili, Wisconsin. In 1997, NSP constructed a transmission line from Neillsville to Chili, and a portion of that transmission line was built on what is now the NSP Property. Since that time, NSP has maintained on, or over, the NSP Property eleven power poles, a transmission line, and accompanying transmission infrastructure that hangs from those poles. NSP has not used the NSP Property for any other purpose since it constructed the transmission line.

¶4 Meyer owns the land on both sides of the NSP Property. No later than 1987, Meyer built a pond on his property that is also partially located on the NSP Property. Meyer also performed the following activities on the NSP Property: installed a buried electrical line for a pond aerator; constructed a steel windmill; farmed and harvested crops; lowered the grade of the NSP Property; developed and maintained three roads across the NSP Property; pastured livestock;

2

mowed and cut brush; and stored on the NSP Property firewood, logs, steel, lumber, and farm machinery.

¶5      In 2019, Meyer filed in the circuit court a complaint against NSP alleging that he adversely possessed the entire NSP Property or, in the alternative, that he is entitled to a prescriptive easement to continue using the NSP Property.[1] NSP moved for summary judgment on Meyer's claims, arguing that: (1) Meyer's adverse possession claim fails because his occupation of the NSP Property was not "exclusive of any other right"; and (2) Meyer's prescriptive easement claim fails because his use of the NSP Property was not "hostile and inconsistent" with NSP's use of the NSP Property. The circuit court granted NSP's motion.[2] Meyer appeals the court's order.

¶6      Additional material facts are mentioned in the following discussion.

## DISCUSSION

¶7      On appeal, Meyer argues that the circuit court erroneously granted summary judgment on his adverse possession and prescriptive easement claims.

---

[1] Meyer also sued Xcel Energy Services Inc. and Neillsville Improvement Corporation. Meyer does not appeal the circuit court's order granting summary judgment in favor of those parties, and we do not further address those parties in this opinion.

[2] On its own initiative, the circuit court also granted partial summary judgment to Meyer. *See* WIS. STAT. § 802.08(6) (2021-22). More specifically, the circuit court held that Meyer is entitled to a prescriptive easement for the pond on the NSP Property and ten feet around the pond "for continued recreational use." On appeal, NSP does not object to this grant of partial summary judgment to Meyer.

All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

We begin by setting forth the governing principles and our standard of review regarding motions for summary judgment.

## I. Governing Principles and Standard of Review for Summary Judgment.

¶8      We review a circuit court's decision granting or denying summary judgment independently, but we apply the same methodology as the circuit court. *Mrozek v. Intra Fin. Corp.*, 2005 WI 73, ¶14, 281 Wis. 2d 448, 699 N.W.2d 54. On summary judgment, the moving party is entitled to judgment as a matter of law "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2); *Bank of N.Y. Mellon v. Klomsten*, 2018 WI App 25, ¶31, 381 Wis. 2d 218, 911 N.W.2d 364.

¶9      In reviewing this motion for summary judgment, we apply the following methodology.[3]  We consider the moving party's affidavits or other proof to determine whether the moving party has made a prima facie case for summary judgment under WIS. STAT. § 802.08(2). *L.L.N. v. Clauder*, 209 Wis. 2d 674, ¶14, 563 N.W.2d 434 (1997).  "If the defendant is the moving party, the defendant must establish a defense that defeats the plaintiff's cause of action." *Id.*, ¶14 n.6.  If the moving party has made a prima facie case for summary judgment, "the opposing party must show, by affidavit or other proof, the existence of disputed material

---

[3] The initial step in summary judgment methodology is to examine the pleadings to "determine whether a claim for relief is stated." *L.L.N. v. Clauder*, 209 Wis. 2d 674, ¶13, 563 N.W.2d 434 (1997).  Here, the parties do not dispute that this step has been satisfied.

facts or undisputed material facts from which reasonable alternative inferences may be drawn that are sufficient to entitle the opposing party to a trial." *Id.*, ¶14.

¶10    When determining whether there is a "genuine issue of material fact," the affidavits and other proof submitted by the parties "are viewed in a light most favorable to the opposing party." *Id.*, ¶15.  Additionally, in deciding whether there are factual disputes, "the circuit court and the reviewing court consider whether more than one reasonable inference may be drawn from undisputed facts; if so, the competing reasonable inferences may constitute genuine issues of material fact." *H & R Block E. Enters., Inc. v. Swenson*, 2008 WI App 3, ¶11, 307 Wis. 2d 390, 745 N.W.2d 421 (2007).

¶11    We next consider in turn the parties' arguments regarding adverse possession and a prescriptive easement concerning the NSP Property.

## II.  Adverse Possession.

### A.  Governing Principles of Adverse Possession.

¶12    "Adverse possession is a legal action that enables a party to obtain valid title of another's property by operation of law." *Wilcox v. Estate of Hines*, 2014 WI 60, ¶19, 355 Wis. 2d 1, 849 N.W.2d 280.  WISCONSIN STAT. § 893.25 governs adverse possession claims and provides that a person may commence an action to establish title if that person "is in uninterrupted adverse possession of real estate for 20 years."  Sec. 893.25(1).  Under this statute, property is adversely possessed only if the possessor is in "actual continued occupation under claim of title, exclusive of any other right," and the property is "protected by a substantial

enclosure" or "usually cultivated and improved." Sec. 893.25(2).[4] This statute "codifies the common law elements of adverse possession, which require physical possession that is 'hostile, open and notorious, exclusive and continuous.'" *Wilcox*, 355 Wis. 2d 1, ¶20 (citation omitted).

¶13 As we discuss shortly, the exclusivity element is dispositive and we now consider that factor. To establish that a person occupied property "exclusive of any other right" under WIS. STAT. § 893.25(2)(a), the person must "show an exclusive dominion over the land and an appropriation of it to [the person's] own use and benefit." *Kruckenberg v. Krukar*, 2017 WI App 70, ¶8, 378 Wis. 2d 314, 903 N.W.2d 164 (citing 3 AM. JUR. 2D *Adverse Possession* § 61 (2011)). For this reason, the person's possession of the property must be "exclusive of the true owner." *Illinois Steel Co. v. Tamms*, 154 Wis. 340, 344, 141 N.W. 1011 (1913); *see also* 3 AM. JUR. 2D *Adverse Possession* § 63 ("In order for possession to be exclusive for purposes of adverse possession, the claimant must shut out or wholly exclude the rightful owner from possession of the property during the required statutory period." (internal footnote omitted)); *see, e.g.*, *Cuskey v. McShane*, 2 Wis. 2d 607, 609-10, 87 N.W.2d 497 (1958) (holding that use was not exclusive of

---

[4] WISCONSIN STAT. § 893.25(2) states in full:

(2) Real estate is possessed adversely under this section:

(a) Only if the person possessing it, in connection with his or her predecessors in interest, is in actual continued occupation under claim of title, exclusive of any other right; and

(b) Only to the extent that it is actually occupied and:

1. Protected by a substantial enclosure; or

2. Usually cultivated or improved.

the true owners because the true owners cut grass, trimmed trees, parked cars and equipment, and erected an advertising banner on the property).

### B. The Circuit Court Property Granted Summary Judgment on Meyer's Adverse Possession Claim.

¶14     To repeat, we first determine whether NSP as the moving party has made a prima facie case for summary judgment. *See L.L.N.*, 209 Wis. 2d 674, ¶14. NSP argues that it is entitled to judgment because Meyer did not exclusively occupy the NSP Property as required under WIS. STAT. § 893.25(2)(a). In support, NSP points to evidence in the record demonstrating that NSP constructed a transmission line on the NSP Property in 1997 and has continuously used the NSP Property for the purposes of operating and maintaining that transmission line. Meyer does not dispute that NSP maintained power poles, power lines, and other transmission infrastructure on the NSP Property during the period of alleged adverse possession. In addition, Meyer admitted in his complaint that "authorized personnel of … NSP and its contractors" accessed the NSP Property "for purposes of powerline maintenance." These undisputed facts establish that Meyer did not have "exclusive dominion" over the NSP Property because he did not exclude the true owner—NSP—from exercising its right to occupy the NSP Property through its use of operating and maintaining transmission lines. *See Kruckenberg*, 378

Wis. 2d 314, ¶8.  Therefore, NSP has satisfied its burden of making a prima facie case for summary judgment.  *See **L.L.N.***, 209 Wis. 2d 674, ¶15.[5]

¶15    The next step in the summary judgment analysis is to determine whether Meyer has shown the existence of disputed material facts, or undisputed material facts from which reasonable alternative inferences may be drawn, that are sufficient to entitle him to a trial.  *See id.*, ¶14.  Meyer argues that summary judgment is not appropriate because there are disputed material facts regarding NSP's "reentry" on the NSP Property.  *See **Kruckenberg***, 378 Wis. 2d 314, ¶8 ("The true owner's casual reentry upon property does not defeat the continuity or exclusivity of an adverse claimant's possession." (quoted source omitted)).

¶16    First, relying on statements in the record from NSP's witnesses, Meyer asserts that NSP's reentry to the property was "casual and sporadic" because his use of the NSP Property prevented NSP from performing regular maintenance of its power lines and other infrastructure.  This argument fails because it ignores the undisputed fact that NSP's transmission line, power poles, and accompanying transmission infrastructure physically occupied portions of the NSP Property during the entire period of Meyer's purported adverse possession.  Even if we assume that Meyer's use of the NSP Property limited NSP's ability to enter the property to perform maintenance or affected the frequency with which

---

[5] Meyer argues that the circuit court erred in determining that NSP made a prima facie case for summary judgment because it stated during its oral ruling that the NSP Property was "open and undeveloped."  According to Meyer, the circuit court should have considered this issue as part of his prescriptive easement claim, not as part of his adverse possession claim.  This argument fails because our review of the court's summary judgment decision is de novo, and we are not bound by the circuit court's reasoning.  ***Mrozek v. Intra Fin. Corp.***, 2005 WI 73, ¶14, 281 Wis. 2d 448, 699 N.W.2d 54.  This argument from Meyer also fails because the court's order granting summary judgment was based solely on the exclusivity element of adverse possession, not whether the NSP Property was "open and undeveloped."

NSP did so—and we do not make that assumption—the physical presence of NSP's infrastructure and NSP's continuous use of the NSP Property for electrical transmission purposes establish that Meyer's possession of the NSP Property was not "exclusive of the true owner." *See Illinois Steel Co.*, 154 Wis. at 344.

¶17     Second, Meyer argues that NSP's "entry" onto the NSP Property should not be considered because NSP did not commence an action within one year of such entry.  Meyer relies on WIS. STAT. § 893.32, which provides:

> No entry upon real estate is sufficient or valid as an interruption of adverse possession of the real estate unless an action is commenced against the adverse possessor within one year after the entry and before the applicable adverse possession period of limitation specified in this subchapter has run, or unless the entry in fact terminates the adverse possession and is followed by possession by the person making the entry.

Sec. 893.32.  This argument fails because Meyer does not identify which actions by NSP constitute an "entry" under this statute.   Nonetheless, from other assertions in Meyer's briefing in this court, we assume that the "entry" to which Meyer refers is NSP's entry onto the NSP Property for maintenance of the power lines.  In any event, this statute does not undermine our conclusion regarding Meyer's adverse possession claim.  As explained above, NSP's maintenance and continued use of electrical transmission infrastructure on the NSP Property establishes that Meyer did not have exclusive possession of that property.  Regardless of NSP's entry for maintenance purposes, NSP occupied and used the NSP Property for electrical transmission lines throughout the time of Meyer's alleged adverse possession.   Therefore, NSP's failure to commence an action against Meyer pursuant to § 893.32 does not affect our conclusion that Meyer did not exclusively occupy the NSP Property.

¶18    Third, Meyer argues that he had "exclusive possession" of certain portions of the NSP Property, including the pond and an adjacent berm, roads, and storage areas. According to Meyer, these "encroachments" are evidence that he had exclusive possession of the entire NSP Property.[6] As with Meyer's other arguments discussed above, this argument fails because it misses the mark. Meyer ignores the undisputed fact that NSP maintained and used electrical transmission infrastructure on the entire NSP Property during the period of Meyer's purported adverse possession. Meyer's purported possession of certain portions of the NSP Property does not undermine our conclusion that Meyer fails to demonstrate a material factual dispute about NSP's maintenance and use of its transmission lines on the NSP Property.[7]

¶19    In sum, we conclude that NSP is entitled to summary judgment on Meyer's adverse possession claim in light of Meyer's failure to demonstrate that there are genuine issues of material fact on the element of exclusivity, which is a

---

[6] Meyer's adverse possession claim sought title to the entire NSP Property, and Meyer confirms on appeal that his adverse possession claim is not limited to only the portions of the NSP Property that he asserts he exclusively possessed.

[7] NSP argues in the alternative that this argument from Meyer fails because Meyer did not provide an adequate legal description of the portions of the NSP Property that he asserts he occupied exclusively. Because we conclude that Meyer's argument regarding his purportedly exclusive possession of portions of the NSP Property fails, we need not address this alternative argument from NSP. *See Barrows v. American Family Ins. Co.*, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013).

necessary element of his claim.[8]  We therefore affirm the circuit court's order with respect to Meyer's adverse possession claim.

### III.  Prescriptive Easement.

¶20    We now consider the parties' arguments regarding Meyer's prescriptive easement claim.

### A.  Governing Principles Regarding Prescriptive Easements.

¶21    Unlike adverse possession, a prescriptive easement is based on a person's use of another's property rather than a person's possession of another's property.  ***Shellow v. Hagen***, 9 Wis. 2d 506, 511, 101 N.W.2d 694 (1960).  In this case, Meyer's prescriptive easement claim is governed by WIS. STAT. § 893.28, which provides in relevant part:

> Continuous adverse use of rights in real estate of another for at least 20 years … establishes the prescriptive right to continue the use.  Any person who in connection with his or her predecessor in interest has made continuous adverse use of rights in the land of another for 20 years … may commence an action to establish prescriptive rights under [WIS. STAT.] ch. 843.

Sec. 893.28(1).  Wisconsin courts have interpreted the language of this statute as requiring four elements to be satisfied:  "(1) adverse use hostile and inconsistent with the exercise of the titleholder's rights; (2) which is visible, open and

---

[8] Meyer also argues that there are factual disputes regarding the other elements of his adverse possession claim, including: the pertinent time period of occupation; the precise area of his alleged adverse possession; whether Meyer's use was hostile; and whether the NSP Property was either "[p]rotected by a substantial enclosure" or "[u]sually cultivated or improved."  We need not address these arguments because NSP moved for—and the circuit court granted—summary judgment on the exclusivity element of Meyer's adverse possession claim.  In any event, we need not address these other arguments because our conclusion regarding the exclusivity element is dispositive.  *See **Barrows***, 352 Wis. 2d 436, ¶9.

notorious; (3) under an open claim of right; (4) and is continuous and uninterrupted for twenty years." *Ludke v. Egan*, 87 Wis. 2d 221, 230, 274 N.W.2d 641 (1979).

¶22 WISCONSIN STAT. § 893.28 also creates an exception to the "adverse" use: "The mere use of a way over unenclosed land is presumed to be permissive and not adverse." Sec. 893.28(3). This presumption of permissive use applies to unimproved property that is "wild, unoccupied, or of so little present use as to lead legitimately to the inference that an owner would have no motive in excluding persons from passing over the land." *Shepard v. Gilbert*, 212 Wis. 1, 6, 249 N.W. 54 (1933).

### B. Summary Judgment Was Not Proper as to Meyer's Prescriptive Easement Claim.

¶23 NSP argued in its motion for summary judgment, and argues on appeal, that Meyer's prescriptive easement claim fails because Meyer's use of the NSP Property was not an "adverse use hostile and inconsistent" with NSP's exercise of rights as the landowner. See *Ludke*, 87 Wis. 2d at 230. In response, Meyer argues that summary judgment is not proper because his use of the NSP Property was "adverse" under WIS. STAT. § 893.28(1). For the following reasons, we conclude that summary judgment should not have been granted as to this disputed element.[9]

---

[9] Meyer also argues that summary judgment is not proper as to the other elements of his prescriptive easement claim, including whether his use was: visible, open and notorious; under an open claim of right; and continuous and uninterrupted for twenty years. We need not address these arguments because NSP only moves for—and the circuit court only granted—summary judgment based on the adverse use element of Meyer's prescriptive easement claim.

## 1.  There are Disputed Issues of Fact Regarding Whether Meyer's Use of the NSP Property Was Adverse Under WIS. STAT. § 893.28(1).

¶24     To repeat, a prescriptive easement requires proof of "adverse use hostile and inconsistent with the exercise of the titleholder's rights." *Ludke*, 87 Wis. 2d at 230.  Under this rule, an act is "hostile" when it is "inconsistent with the right of the owner and not done in subordination thereto." *Shellow*, 9 Wis. 2d at 511.  "A use which is permissive is subservient and not adverse." *Ludke*, 87 Wis. 2d at 230.

¶25     In the present case, the facts asserted by Meyer establish that there are genuine issues of material fact regarding whether Meyer's use of the NSP Property was "hostile and inconsistent" with NSP's rights as the property owner. According to Meyer's factual assertions, Meyer regularly trespassed on the NSP Property and stored items on the property without NSP's permission.  Meyer also points out that his construction of the pond—which the circuit court held to be adverse and a basis for a prescriptive easement—was just as inconsistent with NSP's rights as the owner as his other uses of the NSP Property.  Thus, viewing the factual assertions of Meyer in a light most favorable to him (as we must on summary judgment), Meyer has shown that a finder of fact must resolve the parties' factual dispute concerning whether his use of the NSP Property was adverse and whether it was inconsistent with NSP's right to exclude others (in this case, Meyer) from its property.  *See Jacque v. Steenberg Homes, Inc.*, 209 Wis. 2d 605, 617, 563 N.W.2d 154 (1997) ("[T]he private landowner's right to exclude others from his or her land is one of the most essential sticks in the bundle of rights that are commonly characterized as property." (citation omitted)).

¶26     NSP argues that Meyer's use of the NSP Property was not adverse as a matter of law because his use was "compatible with NSP's historical use and

ownership of the NSP Property." According to NSP, Meyer did not provide any evidence that his use of the NSP Property interfered with NSP's use of the property for operating an electrical transmission line. NSP's argument fails; the requirement of adverse use focuses on whether the person's use was inconsistent with the true owner's property rights, not the true owner's particular use of the property. *Widell v. Tollefson*, 158 Wis. 2d 674, 685, 462 N.W.2d 910 (Ct. App. 1990) ("Hostility merely requires that the use be inconsistent with the titleowner's rights"). The parties do not dispute that Meyer used the NSP Property for building a pond with a berm, installing a pond aerator with a steel windmill and underground electrical service, building and improving roads, harvesting crops, pasturing livestock, and storing farm implements. Thus, Meyer has raised genuine factual disputes on the issue of whether his use of the NSP Property was adverse under WIS. STAT. § 893.28(1) even though that use did not interfere with NSP's operation of an electrical transmission line on the property.

### 2. Presumption of Permissive Use Under WIS. STAT. § 893.28(3).

¶27 The parties also dispute whether the presumption of permissive use under WIS. STAT. § 893.28(3) applies to Meyer's use of the NSP Property. To repeat, this statute provides that "[t]he mere use of a way over unenclosed land is presumed to be permissive and not adverse." Sec. 893.28(3). Reasonably interpreted, this statute requires proof of two elements for the presumption in favor of NSP to apply: (1) Meyer used a "way" over NSP's property; and (2) the land was "unenclosed." *See* *id.* For the following reasons, we conclude that § 893.28(3) does not apply in these circumstances.

¶28 The presumption of permissive use under WIS. STAT. § 893.28(3) originated from our supreme court's decision in *Bassett v. Soelle*, 186 Wis. 53,

202 N.W. 164 (1925). In that case, our supreme court held that the "mere use of a track or way over un[e]nclosed lands, and especially woodlands, for the statutory period does not raise a presumption that the use is adverse to the rights of the owner." *Bassett*, 186 Wis. at 57. The court explained that this rule applies only to a person who travels or passes through another's land:

> [I]t is a matter of common knowledge that where there is un[e]nclosed woodland, … it is customary for the public, for purposes of pleasure or convenience, to pass through it without express permission. So long as such use causes no inconvenience to the owner he would be regarded as unneighborly and churlish to forbid the use. In some parts of this state there are large areas of open woodland through which many persons pass without restraint.

*Id.* at 57. The legislature codified this rule in 1941 in what is now § 893.28(3). *Shellow*, 9 Wis. 2d at 513-14 (citing *Christenson v. Wikan*, 254 Wis. 141, 35 N.W.2d 329 (1948)).

¶29 Our supreme court has recognized that the presumption of permissive use under WIS. STAT. § 893.28(3) does not apply to actions other than traveling or passing through another's land. For instance, the presumption does not apply to the construction of a road over another's land:

> Had one claiming to have acquired an easement by prescription surveyed a road over such lands, and improved it, or cut such trees as interfered with it, the character of such acts would be a sufficient indication to the owner that they were not in response to the permission and that the user was hostile or adverse.

*Shepard*, 212 Wis. at 8; *Carlson v. Craig*, 264 Wis. 632, 637, 60 N.W.2d 395 (1953) (presumption did not apply, in part, because plaintiff "cut grass and brush and made improvements to the roadway"). The presumption also does not apply to building structures, storing objects, and recreating on another's land. *Shellow*,

15

9 Wis. 2d at 509, 512, 514 (holding that presumption did not apply to plaintiffs who built a pier, parked vehicles, stored boats, fished, and swam on another's land). These interpretations are consistent with the ordinary meaning of the word "way." *See Way*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "way" as "[a] passage or path.").

¶30 In the present case, and although there are genuine factual disputes concerning the disputed element of adverse use as already discussed, the facts that are not disputed by the parties establish that Meyer used the NSP Property for more than merely traveling or passing through. Therefore, Meyer's actions on the NSP Property do not constitute the "mere use of a way."

¶31 In sum, we conclude that NSP has failed to establish a defense that defeats Meyer's prescriptive easement claim because there are genuine issues of material fact about whether Meyer's use of the NSP Property was adverse under WIS. STAT. § 893.28(1). In addition, Meyer's use of the NSP Property was more than the "mere use of a way" under § 893.28(3) and that statutory subpart does not apply in these circumstances. *See L.L.N.*, 209 Wis. 2d 674, ¶14 n.6. We therefore reverse the circuit court's order with respect to Meyer's prescriptive easement claim and remand for further proceedings consistent with this opinion.

## CONCLUSION

¶32 For the foregoing reasons, the order of the circuit court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

*By the Court.*—Order affirmed in part; reversed in part and remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.